Robertson, J.
The defendants are husband and wife; the complaint alleges the making of a note signed by the wife payable to and indorsed by a Mr. Brown to the plaintiff, and the possession of separate estate by the defendant, Mrs. Lent. It also alleges that the note was given for the purchase of a pair of horses, owned and enjoyed by the defendants; that Mrs. Lent carried on a livery stable in her own name and for her own benefit; that her husband acted conjointly with her or as her attorney, or was interested in the business of such livery stable and as such attorney, or otherwise assented to the making of such note, to derive some benefit therefrom. It prays judgment against both defendants and also against the separate property of Mrs. Lent.
This pleading joins a liability of the wife’s separate estate with that of the husband which is one of the causes of demurrer. The Code (§ 167) permits causes of action to be united, whether legal or equitable, provided they arise out of the same transaction, or transactions relating to the same subject matter, or originate in contract, but they are required to be separately stated, but in "this case they are not separately stated; on the contrary, it appears that the cause of action is but one only, the liability is separate. It is clear the complaint-1 does not set out a joint contract, nor does it set out a separate one by both defendants, supposing the appointment of the separate estate of the wife to be a contract, which is very doubtful. The defendants must therefore, if liable at all upon the' same transaction, be liable as principal and surety, actions against whom *715 it has been held cannot be joined. (Brewster v. Silence, 4 Seld., 214; Phalen v. Dingee, 4. E. D. Smith, 379.) The complaint also falls to make out a cause of action against both defendants, because it seeks to make both responsible upon an instrument -signed only once, by one; clearly the note cannot operate as a note of the husband making him personally liable, and an appointment by the wife of her personal estate. The facts that both parties "were interested in the same livery stable conducted in the wife’s name and for her benefit, and that the note was given for a pair of horses is not sufficient; if a husband and wife could enter into a contract of copartnership and it was alleged they did so in this case, those facts might make them jointly liable but not severally. If the note in question had been, however, merely the joint note of both, the wife’s separate estate would not have been hable. (Yale v. Dederer, 18 N. Y. R., 265.)
As regards the cause of action set out against the wife, the complaint is defective in not alleging either that the consideration of her promise was for the benefit of her separate estate, or that of which it is the evidence, to wit, that she intended by the note to charge such estate, which is always necessary to be established, either by the words of the writing or proof aliunde. (Story Eq. Jur., 1400; Vanderheyden v. Mallory, 1 Comst., 462; Yale v. Dederer, ubi sup.; Curtis v. Engel, 2 Sandf. Ch. R., 288.) The facts that the note was given for a pair of horses, and that the defendant Mrs. Lent was carrying on a livery stable for her own use, may be important links in evidence to show such intent, but their averment is not equivalent to that of the latter.
The failure of the complaint to set out the particulars of the defendant’s separate estate may not be available on demurrer or in any other way than by motion to make definite. The mere joinder of the defendant, Lent, too; as a party is probably not objectionable. (Draper v. Heningsen, 16 How. Pr. R., 284,) but the other defects are sufficient to make the demurrer of both parties well taken.
The demurrer must therefore be sustained and judgment given for the defendants, with costs, unless the plaintiff amend within twenty days. The costs to be one bill in favor of either defendant, as they or their counsel may elect.