## KNICKERBACKER *a.* SMITH.

*Supreme Court, Third District; General Term, Dec.,* 1862.

### CONFESSION OF JUDGMENT.—MARRIED WOMAN.—SEPARATE ESTATE.

The court is not bound to set aside, on motion, a confession of judgment by a married woman, even if it should be held that, by the law in force at the time of the entry of the judgment, the only proper form of judgment would have been to create a specific lien upon the defendant's separate property. Unless the equities of the case require interference on her behalf, she will be left to seek relief by action.

*It seems,* that a judgment entered before the act of 1860 against a married woman, and simply for a specified sum of money, was irregular.

Where the defendant, a married woman, moved to set aside a personal judgment against her for a sum of money, entered upon her confession of judgment, given by her as security for the payment of a sum of money which she was borrowing for the benefit of her separate estate, it being intended by both plaintiff and defendant that the docketing of the judgment confessed should operate as a valid security upon defendant's real estate for the repayment of the sum borrowed,—*Held,* that the motion should be denied, but without prejudice to an action by the plaintiff to reform his judgment, or by the defendant for suitable relief against the judgment.

Appeal from an order denying a motion to set aside a confession of judgment.

The defendants, Edwin Smith and Charlotte A. Smith, confessed a judgment in favor of Abraham Knickerbacker, in August, 1858, for $1,000, and costs. The present appeal was taken by the defendant Charlotte from an order of Mr. Justice Peckham, made in November, 1862, refusing to set aside this judgment as irregular and void against the female defendant. The judgment was entered on the written confession of the parties defendant, authorizing the same in the form prescribed by the Code, and was declared to be "for a debt justly due to the plaintiff, arising upon the following facts. Said plaintiff on this day indorsed a note made by said defendants for the sum of $1,000, payable on the first day of April next. This judgment is confessed for the purpose of indemnifying and saving

harmless the said plaintiff by reason of such indorsement." At special term, the defendant Charlotte, upon affidavits stating that she was the wife of the defendant Edwin (which did not appear upon the judgment-papers), and that the note above mentioned was made and indorsed, and the confession of judgment given, for the sole benefit of said Edwin, and not for her benefit, and that she had real estate in Rensselaer county which she desired to sell and convey, upon which the said judgment was an apparent incumbrance, moved to set aside and vacate the judgment, as to her, as irregular and void. The plaintiff opposed the motion upon affidavits tending to show that the plaintiff indorsed the note for the benefit of the defendant Charlotte, to enable her to raise money to be used in her business, and upon the security of the judgment in question, which was taken for such purpose; that the money was raised upon the said note, and the plaintiff was compelled to pay, and did pay the same; that both the defendants proposed to secure him by confessing the judgment in question, declaring that said Charlotte was the owner of a house and lot in Schaghticoke, and of a store of goods in a store conducted by the said Charlotte, and that the judgment would be a good and valid lien thereon, and a sufficient security to the plaintiff; that, as a further security, the said Charlotte assigned to plaintiff a policy of insurance on the said goods—on all of which he relied as his security for his indorsement. That she frequently promised to pay to plaintiff the amount of this note, and did, in fact, pay or allow to him about $42.78, paid by him for interest on the note. The plaintiff's papers further tended to show that the defendant Charlotte did conduct the mercantile business in Schaghticoke for a series of years, and owned said real estate, and that they both stated and admitted that the said judgment was a lien thereon. The defendant, in support of the motion, in addition to the judgment, used her own affidavit and that of her husband. The plaintiff opposed the motion on his own affidavit and that of five other persons. The court, at special term, denied the defendants' motion, with costs, and the defendant Charlotte thereupon appealed to the general term.

*Oliver P. Buel*, for the appellant.

*Charles R. Ingalls*, for the respondent.

By the Court.*—Hogeboom, J.—The judgment sought to be set aside is not, on its face, in any respect irregular, nor is it claimed to be so. There is nothing in the papers on which the judgment is entered to show that Charlotte A. Smith was a married woman, nor does the fact that she was so at the time of the confession of the judgment distinctly appear by the moving papers.

She now moves to set aside this judgment on two grounds. 1. Upon the ground that, at the time of entering the judgment and making confession thereof, she was a married woman and the wife of her co-defendant Edwin Smith. 2. Upon the ground that the consideration of the judgment was for the benefit of the husband and not of the wife.

1. I do not think it inevitably follows that a judgment should be set aside on motion of the female defendant, because she was a married woman at the time of the entry thereof.

(1.) Perhaps this judgment was too broad in being entered as a personal judgment against the wife, and thereby making it not only a lien on all her real estate, but authorizing an execution against her personal property. (Yale *a.* Dederer, 22 *N. Y.*, 450; Dickerman *a.* Abrahams, 21 *Barb.*, 551; Owen *a.* Cawley, 36 *Ib.*, 52; Philips *a.* Hagadorn, 12 *How. Pr.*, 17; Britten *a.* Wilder, 6 *Hill*, 242; Cobine *a.* St. John, 12 *How. Pr.*, 333; Goodale *a.* McAdam, 14 *Ib.*, 385; Wotkyns *a.* Abrahams, *Ib.*, 191; Palen *a.* Lent, 5 *Bosw.*, 713.) But the judgment is not objected to specially on that ground, and the relief which the defendant seeks is much more radical and comprehensive, to wit, the entire overthrow of the judgment.

(2.) So, also, it may be that the judgment is defective in not being declared to be a special and specific lien upon real property therein particularly described, which is the ordinary mode of declaring and enforcing a lien or charge upon the separate estate of a married woman. (Dickerman *a.* Abrahams, 21 *Barb.*, 551; Colvin *a.* Currier, 22 *Ib.*, 371; Simmons *a.* McElwain, 26 *Ib.*, 419; Owen *a.* Cawley, 36 *Ib.*, 52; S. C., 13 *Abbotts' Pr.*, 13; Yale *a.* Dederer, 21 *Barb.*, 286; 18 *N. Y.*, 265; 31 *Barb.*, 525; 22 *N. Y.*, 450.) But I do not think such a defect is necessarily destructive of the judgment, or subversive

---

* Present, Hogeboom, Peckham, and Miller, JJ.

of the lien thereby created, if intended, in fact and in good
faith, to be a charge upon such property as she then owned or
was interested in.  The general lien of this judgment would
then, in its practical effect, be equivalent to the specific lien
created by a detailed description of the property itself, accom-
panied with such allegations upon the face of the judgment as
created a charge upon her separate estate.  And if, in truth,
the facts existed at the time of entering the judgment, which
would enable the plaintiff to assert and obtain a specific lien co-
extensive with the general lien created by a general judgment,
I do not think equity requires that we should destroy the lien
now existing, to enable a party to defeat a lien which at the
time she intended to create, and without which she would never
have procured the money which was the consideration of the
judgment,  For it is by no means impossible, that, as between
the parties (no rights of third persons intervening), the judg-
ment could be so amended as to effectuate the real intentions of
the parties, and declare such specific lien, as the parties really
designed to create an order to secure the lender of the money,
or the indorser of the paper, for the advances or indorsement
he made upon the faith of such a lien.

(3.) I am, therefore, of opinion that we are not imperatively
required, under every possible state of facts, to set aside a gen-
eral judgment against a married woman upon her mere motion
for such purpose.  We must, therefore, address ourselves to the
facts of this case, and see if equity requires our interference in
her behalf.  And this brings us to the consideration of the
second point above stated.

2. How then, and under what circumstances, was this judg-
ment entered? who had the benefit of the loan, or paper for
which the judgment was intended as a security? and was there,
or not, an intent to charge the separate estate of the wife.

(1.) The wife insists that the proceeds of the paper indorsed
by the plaintiff were intended for the benefit of the husband,
and that he actually had the benefit thereof; while the plaintiff
insists that they were intended for the benefit of the wife, and
that she actually had the benefit thereof; that they went into
her business, a mercantile business, carried on by her in her
name, for her benefit, for a series of years, and the fruits of which
she enjoyed.  On this point I am free to say that the clear pre-

ponderance of evidence is in favor of the plaintiff; and that, so far as the defendant's motion is founded upon the theory that the consideration of the judgment was for the benefit of the husband, it must fail as being unfounded in fact.

(2.) The plaintiff further insists that there was an intent and agreement between the parties to create a lien upon her estate; that it was known that she had property and the husband had none; that the express object of taking the judgment was to obtain a lien upon the property of the wife, and thereby secure the plaintiff against the liability he incurred by his indorsement of the defendant's paper. On this point, also, I think the decided preponderance of the evidence is in favor of the plaintiff.

(3.) It thus appears that the defendant's motion is without any equity to support it; that she subscribed the note in connection with her husband, procured its indorsement by the plaintiff, on the faith of such indorsement obtained its discount, received the proceeds thereof, used them in her own business, and appropriated them to her own use; confessed a judgment to the plaintiff to secure him, regular upon its face, and not declaring the fact that she was a married woman; did so for the express purpose of protecting him from liability, and giving him a lien upon her property; that he subsequently was obliged to pay, and did pay, the note himself; that if his present lien is destroyed, he is without any security whatever; and that she has waited for more than four years since the security was taken without any attempt to invalidate the judgment; and now seeks to set aside the same upon allegations of an equity, which, independent of the single fact that she was at the time a married woman, turn out to be without foundation in fact. There is nothing in all this which commends itself to the equity of the court, and nothing which should induce the court to interfere in her behalf, unless required to do so by some unbending rule of law.

3. The question remains what disposition should be made of the case.

(1.) I think the order of the special term, denying the motion to set aside the judgment, should be affirmed, with $10 costs.

(2.) As the question of fact is the subject of conflicting evidence, and the defendant may desire to test it in a more formal way, and, as the plaintiff may also think it expedient to attempt

the amendment of the judgment and the procurement of a specific lien upon the property of the defendant, I think the order of affirmance should be without prejudice to a suit by the defendant to set aside the judgment, and to a suit by the plaintiff to amend the same, or to declare and obtain a specific charge or lien upon the property of the female defendant, or such other relief as this plaintiff or this defendant, in such suits respectively, may be advised to seek—such suit, on either part, to be brought within six months after written notice of the order.