Ruffin, C. J.
 

 In this case, two of the defendants, Sarah L. Humphreys, and Absalom II. Tate, are infants, and no answers have been put in for them. The defendant, Thomas R. Tate has put in an answer ; which is stated in the beginning of it to be put in by him for himself, and for the two infant defendants — of the former of whom, he says, he is guardian, and of the latter the father. But there does riot appear to have been any order appointing him guardian
 
 pendente lite to
 
 make defence for either of those persons. For that reason alone, the Court would
 
 be
 
 unable to make a decree, that would be binding on the infants; and therefore, the cause would be remanded, that the infants might be properly brought before the Court. We observe from the copies of the wills of Henry Humphreys, deceased, and of that of the plaintiff’s late husband, which are filed with the bill as exhibits, that those infants are interested and essential parties to the suit. Absalom H. Tate is the devisee, in the latter will, of a house and lot in Greensborough, which is one of the parts of the real estate in which the plaintiff, as we suppose, claims dower. But the truth is, that the bill is so drawn as not to show on its face, how any of the persons named therein as defendants have any interest in the subject. It calls “ Thomas R. Tate and his wife Nancy, Sarah L. Humphreys, and Absalom H. Tate, defendants," and states that they “ arc the only persons interested in the estates in which your oratrix is entitled to dower.” But it does not charge that either of them is the heir at law of Absalom Humphreys, the plaintiff’s late husband, nor a devisee from him. It undertakes to state how that person became seised, namely, under a will of his late father, Henry Humphreys ; but it does not state that the will has ever been proved, nor set out any devise therein to Absalom Humphreys, nor to any of the other persons
 
 *222
 
 who are made defendants. There are annexed to the bill copies of the papers it calls wills ; but that does not dispense with a statement of the title of the plaintiff and defendants in the bill, so that the pleadings may show the titles claimed by the parties, without looking for it in the evidence alone — for it is not even alleged that the persons sued are the persons mentioned in the respective devises. As the cause has to go back, the attention of the counsel is drawn to the defects in the bill, as well as that respecting the answers, in order that they may avail themselves of the opportunity of amending, or, rather, remodelling the pleadings. The cause was removed by consent to this Court for hearing, and must be .remanded at the costs of the parties equally,
 

 Per Curiam.
 

 Ordered accordingly.