DAUPHINE STEINHARDT et al., as Executors of MORRIS STEINHARDT, Deceased, Appellants, *v.* JOHN O. BAKER, Respondent.

1. INFANTS — SUBSTITUTED SERVICE OF SUMMONS — L. 1852, CH. 511. Infant defendants, as well as others, are included in the provision of chapter 511 of the Laws of 1853, for substituted service upon any defendant residing in the state who cannot be found, or, if found, avoids or evades service.

2. AVOIDANCE OR EVASION OF SERVICE. The act of the mother of infant defendants, in preventing service upon them, amounts to an avoidance or evasion of service which will justify substituted service under the statute.

3. SERVICE UPON PARENT. An order directing substituted service of summons upon infant defendants which literally follows the statute, although it does not in express terms require service upon the parent, is sufficient where service is in fact made upon the parent and person with whom they reside.

4. PRESUMPTION IN FAVOR OF JUDGMENT OF SUPREME COURT. Since the Supreme Court is a court of general common-law jurisdiction, the presumption is that, in decreeing a foreclosure, it acted in accordance with the rules of practice governing it, and did not act until every prerequisite prescribed by the law had been complied with, and also that its powers had been properly invoked in a suitable or proper manner, and that its process had been properly served on the defendants.

5. VENDOR AND PURCHASER — REFUSAL TO ACCEPT TITLE — RIGHT TO RECOVER MONEY PAID. A vendee, who has refused to accept a deed tendered him, on the ground that the title is not marketable, is not entitled, when the court holds that the title is marketable, to recover the purchase money paid or to have a specific performance of the contract, since it was first broken by him.

*Steinhardt* v. *Baker*, 25 App. Div. 197, affirmed.

(Argued May 7, 1900; decided June 12, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 1, 1898, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term, without prejudice to the rights of the plaintiffs in any other form of action.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Nathan Ottinger* for appellants. The title is fatally defective because the infants owning the equity of redemption were never properly served with a summons. The statute of 1853, under which the substituted service upon the infants was attempted, does not apply to infants, and is especially inapplicable to infants so young as to be incapable of an intent to avoid or evade service. (*Stuyvesant* v. *Weil*, 41 App. Div. 551; *Smith* v. *Central Trust Co.*, 154 N. Y. 333; *Ingersoll* v. *Mangam*, 84 N. Y. 622; *Crouter* v. *Crouter*, 133 N. Y. 55; *Johnston* v. *S. F. S. Union*, 63 Cal. 554; *Eyston* v.

*Studd,* 2 Plowden, 465; *Bailey* v. *Whaley,* 14 Rich. Eq. 81; *Matter of G. M. B. Assn.,* 135 N. Y. 280; *Zimmerman* v. *Schoenfeldt,* 3 Hun, 692.) The affidavits upon which the order for substituted service was obtained are fatally insufficient even if the statute of 1853 applies to infants. (*Collins* v. *Campfield,* 9 How. Pr. 519; *Jones* v. *Derby,* 1 Abb. Pr. 458; *Foot* v. *Harris,* 2 Abb. Pr. 456; *Smith* v. *Fogarty,* 6 Civ. Pro. Rep. 370; Wait's Pr. 532; *Muckubin* v. *Smith,* 5 Minn. 867; *Harrington* v. *Loomis,* 10 Minn. 366.) The attempted amendments of the original summons in the action of *Freeman* v. *Bull* were void. The summons attempted to be served upon the infants was, therefore, a nullity so far as that action was concerned, and their equity of redemption has never been barred. (*Follower* v. *Laughlin,* 12 Abb. Pr. 105; *McCrane* v. *Moulton,* 3 Sandf. 736; *Russell* v. *Spear,* 5 How. Pr. 142; *Billings* v. *Baker,* 6 Abb. Pr. 213; *Davis* v. *Mayor, etc.,* 14 N. Y. 527; *N. Y. S. M. M. P. Assn.* v. *R. A. Works,* 89 N. Y. 22; *Shaw* v. *Cock,* 78 N. Y. 194; *Lathers* v. *Fish,* 4 Lans. 213; *Battell* v. *Burrill,* 50 N. Y. 13; *Losey* v. *Stanley,* 147 N. Y. 560.) The infants' rights were not barred by the judgment of foreclosure in the action of *Freeman* v. *Bull* for the reason that there was no allegation in the complaint showing what was their interest in the property in suit. (*Landon* v. *Townshend,* 112 N. Y. 93; 129 N. Y. 166; *Merchants' Bank* v. *Thomson,* 55 N. Y. 7; *Hall* v. *Campbell,* 77 Hun, 567; *Schoonmaker* v. *Blass,* 88 Hun, 179; *Collins* v. *Hydorn,* 135 N. Y. 320.) The affidavit of service upon the infants is fatally defective. (*Litchfield* v. *Burwell,* 5 How. Pr. 341; *Ingersoll* v. *Mangam,* 84 N. Y. 622.) The title was so doubtful, both upon questions of law and of fact, that it was clearly unmarketable. At the least a return of the deposit of $2,000, of interest and of expenses of search, and a lien for that amount, should have been ordered. (Fry on Spec. Perf. 348, 349; *Abbott* v. *James,* 111 N. Y. 673; *Kilpatrick* v. *Barron,* 125 N. Y. 751; *D. M. L. & I. Co.* v. *Cook,* 159 N. Y. 6; *Stuyvesant* v. *Weil,* 41 App. Div. 551; *Fleming* v. *Burnham,* 100 N. Y. 1; *Jordan*

v. *Poillon*, 77 N. Y. 518.)   If the title is held to be good and marketable, plaintiffs are entitled to specific performance. (*Mowbray* v. *Dieckman*, 9 App. Div. 120; *Witherbee* v. *Meyer*, 84 Hun, 146; *Miles* v. *D. F. I. Co.*, 125 N. Y. 294; *Greenblatt* v. *Hermann*, 144 N. Y. 13; *Kahn* v. *Chapin*, 152 N. Y. 305; *Haffey* v. *Lynch*, 143 N. Y. 241; *Bennet* v. *Bennet*, 10 App. Div. 550.)

*Charles E. Miller* for respondent.   The claim of appellants that the judgment in the foreclosure proceedings in *Freeman* v. *Bull*, through which defendant derived title, is invalid cannot be sustained. (*Potter* v. *Merchants' Bank*, 28 N. Y. 641; *Robertson* v. *Robertson*, 9 Daly, 44; *Ferguson* v. *Crawford*, 86 N. Y. 609; *Maples* v. *Mackey*, 89 N. Y. Supp. 146; *Berkowitz* v. *Brown*, 23 N. Y. Supp. 792; *Steinam* v. *Strauss*, 18 N. Y. Supp. 48; 137 N. Y. 561; *Lowerre* v. *Owens*, 14 App. Div. 215; *Litchfield* v. *Burwell*, 5 How. Pr. 342; *Murphy* v. *Shea*, 143 N. Y. 78; *Christal* v. *Kelly*, 88 N. Y. 285.)   Plaintiff is not entitled to specific performance. (*Fincke* v. *Curteis*, 4 Bro. Ch. 329; *Dominick* v. *Michael*, 4 Sandf. 374; *Haffey* v. *Lynch*, 68 Hun, 507; *Benedict* v. *Lynch*, 1 Johns. Ch. 370.)

MARTIN, J.   The action, when commenced, was by a vendee of real estate to compel the vendor to specifically perform a contract entered into between them, or in case it could not be performed to recover the amount paid thereon, with damages for its breach.

On November 8, 1895, the parties entered into a contract by which the defendant agreed to sell, and the plaintiff's testator to purchase, certain real estate in the city of New York for the price of sixty-five thousand dollars, the testator paying two thousand dollars to apply thereon. On January 13, 1896, the time ultimately fixed for the completion of the contract, the defendant tendered the plaintiff a deed of the premises which was in proper form. If the defendant's title was good, the plaintiff was ready and willing to pay the

remainder of the purchase price, but he objected to the title upon the ground that it was unmarketable. It was derived through a sale in foreclosure made in 1877 in the action of *Freeman* v. *Bull*, and the plaintiff claims that the defendant's title is invalid because the court had no jurisdiction of certain infant defendants. When the foreclosure action was instituted William Fitzpatrick held the title to the land subject to the mortgage foreclosed. He and his wife were made parties defendant and were duly served with a copy of the summons, but, before judgment, William died, leaving six infant children. Proceedings were then taken to make the infants parties, and whether they were sufficient to accomplish that result is the principal question involved on this appeal.

The only substantial objections to the title were based upon the following alleged defects in the foreclosure action : 1. That the summons was never legally amended so as to make the infants proper parties. 2. That the statute under which substituted service of the summons was made did not apply to infants. 3. That the order directing such service did not provide that a copy should be served upon the parent, guardian or other person with whom they resided. 4. That no copy of the summons was served upon such parent, guardian or other person ; and 5. That there was no sufficient proof of such service. There were other objections to the title, but the Special Term and Appellate Division have correctly held that they were waived, and besides, they were substantially abandoned upon the argument.

Thus the only practical question is whether the court in the foreclosure action obtained jurisdiction of the infant defendants who, after the death of their father, were sought to be made parties. They were brought into the action by an amendment of the summons, complaint and notice of the object of the action. The service upon them was the substituted one provided by chapter 511 of the Laws of 1853. That statute provided for substituted service where any defendant residing in the state could not be found, or, if found, avoided or evaded service.

The appellants contend that this statute did not apply to infants, especially when they were of tender years, as they could neither avoid nor evade service. The proof upon which the order for substituted service was obtained disclosed that while the infants resided and were in the city of New York their mother kept them from the presence of the officer who sought to serve the summons, and that they thereby avoided or were caused to avoid or evade such service.

The various questions in this case have been so fully considered by the court below that but little remains to be discussed or determined by this court. But for the fact that the questions are novel and have never been directly passed upon by us we should affirm upon the opinions below. We shall, however, content ourselves with briefly stating our conclusion upon such of the questions as seem to merit consideration.

*First*, did the statute of 1853 apply to infant defendants? It provided for a substituted service upon any defendant residing in the state who could not be found, or, if found, avoided or evaded service. The words " any defendant " were certainly broad enough to include infants, and as the statute made no exception as to them, we think it applied to infants as well as adults. The principle of *Wheeler* v. *Scully* (50 N. Y. 667) is to that effect. In that case it was objected that the Code relating to service by publication upon unknown owners did not apply to infants, but the court held the objection invalid, and that infants were bound by the provisions of the Code, as it made no exception as to them.

*Second*. Did the act of the infant's mother in preventing the officer from serving the summons upon them amount to an avoidance or evasion of service within the meaning of the statute? In *Carter* v. *Youngs* (10 J. & S. 169), where a wife refused to permit the service of process upon her husband who was sick and an order for substituted service was obtained, it was held that the act of the wife was to be attributed to her husband, and constituted an avoidance or evasion of service. We think that case was correctly decided, that the principle is applicable to the case under consideration, and that

the act of the infants' mother in preventing service upon them amounted to an avoidance or evasion of service under the statute. There are other cases where the acts of a parent or guardian are regarded as those of the infants, especially if *non sui juris*, of which actions for negligence may be regarded as a type. (*Morrison* v. *Erie Ry. Co.*, 56 N. Y. 302.)

*Third.* The claims that the order directing substituted service did not provide that a copy should be served upon the parent, and that no copy was served, are not sustained by the record. The order followed the statute literally, and although it did not, in express terms, require service upon the parent, yet the record shows that the amended summons was served upon the mother of the infants, and that the service was upon her as the parent and person with whom they resided. Nor does there seem to be any merit in the suggestion that the proof of service upon them was insufficient. The affidavit in the record shows such service, and that it in all respects conformed to the requirements of the statute.

Moreover, the action of foreclosure was in the Supreme Court, a court of general common-law jurisdiction. Hence, the presumption is that it acted in accordance with the rules of practice governing it, and did not act until every prerequisite prescribed by the law had been complied with. It is also to be presumed that its powers had been properly invoked in a suitable or proper manner, and that its process had been properly served on the defendants. (Brown on Jurisdiction, § 28; *Potter* v. *Merchants' Bk.*, 28 N. Y. 656; *Foot* v. *Stevens*, 17 Wend. 483; *Smith* v. *Central Trust Co.*, 154 N. Y. 333.) We think there was no such defect in the action of foreclosure, either of parties or in the procedure, as to justify the conclusion that the defendant's title was not a good and marketable one.

That the plaintiffs' testator honestly regarded the defendant's title as doubtful or unmarketable, there can be little doubt, as the undisputed proof is that the premises were worth from five to ten thousand dollars more than he agreed to pay, and he had already paid on the contract two thousand

dollars. Hence, no motive existed to avoid the purchase, except upon the theory that the title was unmarketable. The court below refused to award the plaintiffs' testator any relief upon the ground that he had broken the contract by not accepting the deed tendered, and, therefore, was not entitled to recover the purchase money paid, nor to a specific performance of the contract as it was first broken by him. While the result is perhaps unfortunate for the estate represented by the plaintiffs, still, as the title was marketable, the conclusion reached by the courts below must be sustained.

The judgment should be affirmed, without costs.

PARKER, Ch. J., GRAY, BARTLETT, CULLEN and WERNER, JJ., concur; VANN, J., not voting.

Judgment affirmed.