(46 Misc. Rep. 135.)

### JACOBSON et al. v. RECHNITZ.

(Supreme Court, Special Term, Kings County. January, 1905.)

SPECIFIC PERFORMANCE—COMPLAINT—SUFFICIENCY.
　　Where the vendor in a contract for the sale of real estate agreed to procure the cancellation of a lease and vacation of the premises by the lessee before the expiration of the lease, but failed to do so, a complaint for specific performance, or, if that should be impossible, for other suitable equitable relief, if there be any, is not bad merely because the cancellation of the lease must be by the act of the lessee.

Suit by Barney Jacobson and others against Jacob Rechnitz for specific performance. The complaint was dismissed for not stating a cause of action. On motion for new trial. Motion granted.

Rose & Putzell, for plaintiffs.
Max G. Newman, for defendant.

GAYNOR, J. All of the complaint that is material is that the defendant, in a written agreement to convey a plot of land to the plaintiffs on September 30, 1902, agreed that on sixty days' notice from the plaintiffs he would procure a cancellation of a lease that was on the property on or before March 1, 1904, and that the lessee would vacate by that time; that it is within his power to carry out the said agreement, but that he refuses to do so, although such notice was given to him. The complaint also alleges that the plaintiffs purchased the property to occupy it for business purposes, and that they cannot get adequate damages at law for the breach. There are allegations of things told the plaintiffs by the lessee, and else, that should have been omitted.

This is a case for specific performance, or, if that turn out on the trial to be impossible, for other suitable equitable relief if there

be any.    That the cancellation of the lease must be by the act of the, lessee does not make the complaint bad, for the defendant has agreed to get the cancellation, and may be able to do so, and presumably is.    Bennett v. Abrams, 41 Barb. 619.

The motion is granted.