(50 Misc. Rep. 282.)

### BRODER v. GORDON.

(Supreme Court, Special Term, New York County.  April, 1906.)

SPECIFIC PERFORMANCE—COMPLAINT.

> A complaint in an action demanding specific performance of a contract to convey certain land is subject to demurrer, where it fails to allege the title to the premises to be in defendant.
>
> [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Specific Performance, § 364.]

Action by Henry Broder against Milton J. Gordon.  Demurrer to complaint sustained.

Louis Frankel, for plaintiff.
Milton J. Gordon, for defendant.

BLANCHARD, J.  The complaint in this action demands specific performance of a contract by which the defendant agreed to convey certain realty to the plaintiff.  The defendant demurs on the ground that the complaint fails to allege that title to the premises was in the defendant.  "The same precision which is required in stating the case of the plaintiff is not necessary in showing the interest of the defendant against whom the relief is sought; because the plaintiff cannot always be supposed to be cognizant of the nature of a defendant's interest, and the action must frequently proceed with a view to obtain a discovery of it."  Daniell Ch. Prac. (7th Ed.) 354.  Nevertheless, a bill for equitable relief should, it seems, sufficiently state that it is within the power of the defendant to do the acts for which the bill prays.  In McClanahan v. Davis, 8 How. (U. S.) 170, 12 L. Ed. 1033, a bill was brought to reclaim the possession of certain slaves and to compel an account and compensation for the value of certain other slaves, alleged to be the property of the complainant.  The defendants demurred, relying, among other objections, upon the failure of the bill to show any interest of the defendant in the property claimed.  In sustaining the demurrer the court said (page 181 of 8 How. [U. S.] 12 L. Ed. 1033) :

> "The ground of objection upon the demurrer in this part of the case is that there is no direct or positive averment in the bill that the defendants or either of them have any interest in the slaves in question, or that the slaves themselves are in their possession, or under their control, or in the possession or under the control of either of them ; and such ground of objection, we are of opinion, is well taken and fatal to the relief prayed for."

Similar statements of the rule that a complaint in an action for specific performance must allege title in the defendant are found in the following authorities:  Story Eq. Pl. § 734; Daniell Ch. Pr. (7th Ed.) 355; Kennedy v. Hazleton, 128 U. S. 667, 671, 9 Sup. Ct. 202, 32 L. Ed. 576; Humphreys v. Tate, 39 N. C. 220; Williams v. Mansell, 19 Fla. 546; Northrop v. Boone, 66 Ill. 368.  In the scarcity of direct authority upon the point just discussed, the plaintiff has attempted to save the complaint by relying upon the prayer for general relief, which follows the prayer for specific performance.  It is well settled, however, that the prayer for general relief cannot

cure the defect caused by the single special 'prayer for specific performance, in the event that the complaint is demurrable for failing to state facts sufficient to constitute a good bill for specific performance. Wilder v. Ranney, 16 N. Y. Wkly. Dig. 478; Von Beck v. Village of Rondout, 15 Abb. Prac. 48; Story Eq. Pl. § 42, note.

The demurrer is therefore sustained.