(53 Misc. Rep. 117)

MESSENGER v. CHAMBERS.

(Supreme Court, Special Term, Kings County. February, 1907.)

SPECIFIC PERFORMANCE—IMPOSSIBILITY—TRANSFER TO LAW CALENDAR.

Plaintiff sued to enforce a contract for the sale of real estate, alleging that defendant was unable to convey to plaintiff a good title free from all incumbrances except those mentioned in the contract. *Held,* that the complaint will not be dismissed because specific performance is impossible, but the cause will be stricken from the equity calendar and transferred to the calendar for the trial of issues by a jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, §§ 412–419.]

Action by Fanny Messenger against Anna Chambers. Motion to dismiss complaint. Case stricken from the calendar of the Special Term, and sent to the calendar for the trial of issues by a jury.

Hyman Cohen, for plaintiff.

Bernard Chambers, for defendant.

BURR, J. The complaint alleges the making of a contract between the defendant, as the vendor, and the plaintiff, as the vendee, for the sale of real property in the borough of Brooklyn. This contract was to be closed on the 2d day of March, 1906. The complaint further alleges ability and willingness to perform on the part of the plaintiff, the vendee, and "that the defendant refused and was unable to convey to the plaintiff a good and marketable title to the said premises, free from all incumbrances, and was unable to give to the plaintiff a deed sufficient for the purchaser to have the said premises free from all incumbrances, except those mentioned in the contract of sale." The complaint then alleges the payment of $200 earnest money at the time of the execution of the contract, the incurring of an indebtedness of $100 for counsel fees in the examination of the title, and damages to the extent of $1,000 for loss of the bargain. The complaint then prays for the specific performance of the contract by the defendant, or, in the alternative, for damages for the breach thereof. The case came on for trial on the equity side of the court; and at the commencement of the trial a motion was made by the defendant to dismiss the complaint on the ground that it affirmatively appeared that the plaintiff was not entitled to equitable relief, but only to an action at law for damages.

The general doctrine is well established (and from the very nature of the case it could not be otherwise), that the absolute inability of the defendant to perform his undertaking, when called upon by the court to do so, prevents a decree against him for its specific performance. Pom. Cont. Sp. Perf. (2d Ed.) § 293; Kennedy v. Hazleton, 128 U. S. 667, 9 Sup. Ct. 202, 32 L. Ed. 576. In the latter case, the court say:

"A court of chancery cannot decree specific performance of an agreement to convey property * * * to which the defendant has no title, * * * and if it appears by the bill * * * that the want of title (even if caused by the defendant's own act, as by his conveyance to a bona fide purchaser) was known to the plaintiff at the time of beginning the suit, the bill will not be retained for assessment of damages, but must be dismissed, and the plaintiff left to his remedy at law."

There is some conflict of authority as to whether the bill must allege ability to perform (Broder v. Gordon, 50 Misc. Rep. 282, 100 N. Y. Supp. 463), or whether inability to perform is not a defense. (Borden v. Curtis, 46 N. J. Eq. 468, 471, 19 Atl. 127). But all the authorities agree that, if the bill for specific performance alleges affirmatively inability to perform and no other ground of equitable jurisdiction is set forth, the bill will be dismissed in the equity court. Story's Eq. Pl. § 34; Kennedy v. Hazleton, supra; Hatch v. Cobb,.4 Johns. Ch. 559; Kempshall v. Stone, 5 Johns. Ch. 193.

The rule with regard to retaining a bill where, on the face of the pleadings, the equity court has jurisdiction, for the purpose of administering legal relief, provided that it appears upon the trial that equitable relief cannot be granted, has been established in some jurisdictions by statute and in some by judicial determination. In England, by act of Parliament adopted in 1853 (St. 21 & 22 Vict. c. 27, § 1), it was provided that:

"In all cases in which the Court of Chancery has jurisdiction to entertain an application for the specific performance of any contract, it shall be lawful for the same court to award damages to the party injured either in addition to or in substitution for such specific performance."

In interpreting this statute, the English courts have settled the doctrine that it does not enlarge the jurisdiction of equity by extending its power to grant relief over any case which did not previously fall within its scope. In other words, where the plaintiff fails to establish any contract of which specific performance can be decreed, a court of equity has no power under the statute to grant the relief of damages. Pom. Cont. Sp. Perf. § 470; Lewers v. Earl of Shaftesbury, L. R. 2 Eq. 270; Scott v. Rayment, 7 L. R. 2 Eq. 112.

The courts in this state, in the absence of any statutory provision, have held that, when by the language of the bill an equity court had gained jurisdiction, it may retain it for the purpose of assessing damages, provided it develops upon the trial that the equitable relief prayed for cannot be decreed. Miller v. Edison El. Ill. Co., 184 N. Y. 17, 21, 76 N. E. 734, 3 L. R. A. (N. S.) 1060. Although the principle last above stated appears in the dissenting opinion of Mr. Justice Gray, that position was concurred in by all of the members of the court. The same principle is asserted in many other cases. Haffey v. Lynch, 143 N. Y. 241, 38 N. E. 298; Sternberger v. McGovern, 56 N. Y. 12; Margraf v. Muir, 57 N. Y. 155. But in each of these cases the court was careful to say that the complaint must state facts giving an equitable cause of action, and also a legal cause of action arising out of the same transaction. Sternberger v. McGovern, supra. The distinction between a case which states an equitable cause of action in the complaint, but fails to establish its right to equitable relief on the trial, and one

where it omits to do so, is well pointed out in Mowbray v. Levy, 85 App. Div. 68, 82 N. Y. Supp. 959. In that case the court say:

"The equity court will not steal its jurisdiction from the law side of the court, but when it fairly belongs there (that is, in the equity court) it may retain it in order to do justice, even though it is necessary to give a personal judgment."

When the motion was made at the trial to dismiss the complaint for the reason that a court of equity on the face of the complaint had no jurisdiction to try the same, I was inclined to believe that the motion should be granted. That was the universal practice before the adoption of the Code authorizing the uniting in the complaint of causes of action, both legal and equitable, arising out of the same transaction. Sternberger v. McGovern, 56 N. Y. 20. Now, however, the rule seems to be established that, instead of dismissing the complaint, an order will be made striking the case from the equity calendar and transferring it to the calendar for the trial of issues by a jury. Gilbert v. Bunnell, 92 App. Div. 284, 86 N. Y. Supp. 1123.

Nothing has appeared in this case to call in question the good faith of the plaintiff in this action, but a practice has arisen within the last few years in this department which should be severely condemned. In cases where a contract for the sale of real estate has been entered into, if at the time that the contract is to be completed the vendee is not ready to perform, some objection is taken to the title of the vendor and a tender is refused. The vendee then immediately begins an action for specific performance, alleging inability of the vendor to perform, and files notice of pendency of such action. Under such circumstances, in many instances, the vendor, being unable to dispose of his property by reason of the notice of lis pendens, has either made concessions to the vendee to induce him to take the title, or the vendee has obtained considerable additional time within which to carry out his contract. If, on a complaint alleging inability of the vendor to perform, the equity court declines to entertain an action by the vendee for specific performance and cancels the notice of lis pendens, this practice will be stopped. Krainin v. Coffey (Sup.) 103 N. Y. Supp. 976. The unwarranted filing of a notice of pendency of action is a grievous wrong. If actions for malicious prosecution were brought under such circumstances against the person abusing the process of the court, it would tend to check the evil.

This case will be stricken from the calendar of the Special Term of this court and sent to the calendar for the trial of issues by a jury, to take its place on such calendar according to the date of issue and to be moved for trial under the rules of this court.

Ordered accordingly.