(55 Misc. Rep. 147.)

WORMSER v. GEHRI et al.

(Supreme Court, Special Term, New York County. June, 1907.)

VENDOR AND PURCHASER—MARKETABLE TITLE—RECOVERY OF DEPOSIT.
    Where a vendee refuses to take title on the ground of possible outstanding interests in the property in the heirs or successors of a former owner who died 100 years ago, and the evidence shows otherwise a marketable title in defendants by adverse possession, an action to recover the deposit will be dismissed.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 247.]

Action by Samuel Wormser against Henry Gehri and William Gehri. Complaint dismissed.

Leo Schafran (Benj. Merger, of counsel), for plaintiff.
Edward Herrmann, for defendants.

BRUCE, J. This is an action for the specific performance of a contract for the sale of real property; the plaintiff being the vendee and the defendants the vendors under the contract. The action was tried, however, not as one for specific performance, but for the recovery of the deposit made under the contract and the expenses of examining title. The plaintiff based his refusal to perform solely upon the ground that there are possible outstanding rights or interests in the property in the heirs or successors in interest of one Joost Von Oblinus, who died over a century ago.

The premises in question are the house and lot known as No. 245 East Ninety-Fourth street, and are part of an allotment made by Sir Richard Nicholls, governor, to the freeholders of the town of New Harlem. An apportionment of the allotment appears to have been made by the freeholders among themselves in 1691, though there is no deed of such an apportionment on record. Part of the allotment was marshland, and this appears to have been apportioned to Von Oblinus;

but the location of the boundary line between the upland and marshland is uncertain. The defendants' title to the upper part of the premises in question is not disputed, and the southeasterly corner may or may not have been marshland. Moreover, in some of the early deeds of this section, the term "meadows" is used, and it is not altogether clear whether this term was used as to the meadow upland only, or also as to the marshland. The plaintiff contends that Von Oblinus made a conveyance of his allotment to one Waldron; and there is no evidence of any deed by Von Oblinus, or Waldron, or their heirs or successors in interest, to any of the predecessors in title of the defendants, or, in fact, to any one. But we deem it unnecessary to discuss further the early history of the premises, since the evidence establishes a marketable title by adverse possession. Freedman v. Oppenheim, 187 N. Y. 101, 79 N. E. 841.

It is conceded that there is a complete chain of record title from the year 1852 of all the premises in question in fee simple absolute in the defendants; that the taxes upon the premises have been paid since that time by the several mesne grantees; that in 1883 the then record holders acquired of the city of New York any interest which it might have in the premises as the successors of the freeholders of the town of New Harlem; that, about 1886, a five-story brick house was built upon the whole lot by one Shoppert, one of the holders in defendants' chain of title, and that the entire premises have ever since been thus occupied. It is further conceded that no proceeding has ever been brought by Joost Von Oblinus, or his heirs, successors, or assigns, to acquire or have adjudicated any rights of title of Joost Von Oblinus, or his heirs, successors, or assigns, in the premises in question, and that the residence or existence of any of the heirs or next of kin of Oblinus or of Waldron are not known and cannot be ascertained. The evidence, therefore, establishes a good title in the defendants by adverse possession (sections 369–370, Code Civ. Proc.); and, the title being marketable (Freedman v. Oppenheim, supra), it follows that the refusal of the plaintiff to carry out the contract was wrongful, and that the complaint should be dismissed. Steinhardt v. Baker, 163 N. Y. 410, 57 N. E. 629.

Complaint dismissed.