(120 App. Div. 829)

### ELLIOTT v. ASIEL.

(Supreme Court, Appellate Division, First Department. July 15, 1907.)

SPECIFIC PERFORMANCE—CONTRACT BY ADMINISTRATOR TO CONVEY LAND—MISTAKE AS TO POWER TO CONVEY.

　　Where one as administrator makes a contract for sale of land, action for specific performance, or for return of the down payment, with interest and damages, in case he cannot perform, may be maintained against him personally, though before demand for performance he informs the vendee that he cannot perform and that he made the contract under a mistake as to his power as administrator.

Appeal from Special Term, New York County.

Action by Robert H. E. Elliott against Jacob Asiel. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before McLAUGHLIN, INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Henry L. Bogert, for appellant.
Edward R. Vollmer, for respondent.

LAUGHLIN, J. This is an action by a vendee for the specific performance of a contract for the sale of premises No. 140 East Eightieth street, and, in the event that defendant is unable to perform, for the recovery of the down payment, interest, and damages. The contract was in writing and bears date the 6th day of November, 1905. The "estate of Hannah Asiel" is designated as party of the first part, and the plaintiff is the party of the second part. It is signed by the plaintiff, and by "Jacob Asiel, Administrator of the Estate of Hannah Asiel." Hannah Asiel, who was the wife of Jacob Asiel, owned the premises and died intestate. The plaintiff made a down payment of $735. At the time fixed for closing the contract, plaintiff tendered performance and demanded that defendant perform. The defendant failed to perform, and assigned as a reason therefor that several of

the heirs refused to join in the conveyance, and that, when he signed the contract, he supposed that, as administrator of his wife's estate, he had authority to sell and convey her real estate. Prior thereto, and within about two weeks after the contract was signed, he had tendered a return of the money paid upon the same ground.

The plaintiff alleged an agreement on the part of the defendant to sell the property. The defendant denied that he executed the contract individually, and alleged that he executed it as administrator in good faith, believing that he had a right to sell and convey the real estate of his wife; that she left children and a grandchild, her heirs at law; that, on being advised that he could not convey, he so informed the plaintiff before plaintiff incurred any expense, and offered to return the money paid, with interest, and before the commencement of the action he tendered back the money paid, with interest, and $25 to cover expenses incurred by plaintiff by reason of the contract, and remains ready and willing to pay the same. Upon the trial, the court excluded the contract upon the ground that it was not a contract on the part of defendant individually. The court also excluded evidence offered by the plaintiff to show that defendant represented that he was authorized to sell the property, also his representations concerning his authority to execute the contract as administrator, and also evidence of the expense incurred by plaintiff in having the title examined. The plaintiff thereupon rested, and, on motion of counsel for defendant, the court dismissed the complaint.

We are of opinion that the court erred in excluding the contract and the evidence offered by the plaintiff as to the expense incurred in examining the title. If the surrogate had decreed a sale of the real estate for the payment of the decedent's debts, pursuant to the provisions of section 2757 of the Code of Civil Procedure, the defendant would have been authorized to enter into a contract for the sale of the premises (Code Civ. Proc. § 2761). Moreover, he might have been authorized by the heirs to make the contract, or he might have purchased the premises from the heirs and have been in a position to perform. The contract on the face of it was a distinct representation that he had authority to sell the property, and he is liable thereon individually. The plaintiff was not obliged to accept his subsequent statement that the execution of the contract was unauthorized and have recourse to an action at law. If he were able to perform the court could have decreed specific performance, and when it appeared upon the trial that he was unable to perform the court should have awarded judgment in favor of the plaintiff for the down payment, together with interest, the expense of examining the title, and costs of the action, according to the equities of the case as presented by the evidence. Steinhardt v. Baker, 25 App. Div. 197, 49 N. Y. Supp. 357, and cases cited; affirmed 163 N. Y. 410, 57 N. E. 629. If an individual, without title to property, enters into a contract to sell and convey it, he cannot avoid the consequences of his contract by subsequently informing the purchaser that he had not title to the premises; nor can he deprive the plaintiff of the right to sue in equity for specific performance of the contract, with a prayer for alternative relief for the return of the money paid on account of the purchase price, together with interest,.

expense of examining the title, and costs according to the ·equities in the event that he is unable to specifically perform; and in such case, if it appeared that the defendant could perform,· the plaintiff would be entitled to specific performance, and otherwise he would be entitled to· the alternative relief.

It follows, therefore, that the judgment should be reversed, and a. new trial granted, with costs to appellant to abide the event.

McLAUGHLIN and CLARKE, JJ., concur.  SCOTT, J., concurs in result.

INGRAHAM, J. (concurring).  I concur in Mr. Justice LAUGH-LIN'S opinion.  It is quite clear that the contract sued on was a personal contract of the defendant.  As administrator, without special leave of the surrogate, he had nothing to do with the real estate, and no power to make a contract respecting it.  It purported to be a contract of the estate, and the administrator, by making it, implied that he, as administrator, was authorized to make such a contract, and was responsible to the defendant for any damages sustained in consequence of a breach of that implied agreement.  There is some question whether, under those circumstances, an action for specific performance could be sustained; but the complaint set up a good cause of action for damages at law, and an answer had been interposed.  If the plaintiff was not entitled to recover on the equitable cause of action, he was still entitled to have the case retained, so that he could be awarded damages for a breach of the contract.  There was no objection, either in the answer or upon the trial, to trying the action as one in equity; nor was there a demand for a trial by jury.

I think, upon the evidence, the court was justified either in awarding judgment against the defendant for the amount paid on the execution of the contract, with such damages as plaintiff was entitled to for breach of the contract. or, if the defendant demanded a jury trial, sending the case to a Trial Term for trial.