(79 Misc. Rep. 103.)

## HOLLANDER v. LUSTIK.

(Supreme Court, Equity Term, Monroe County. January, 1913.)

1. SPECIFIC PERFORMANCE (§ 114\*)—COMPLAINT—SUFFICIENCY.
   The complaint, in an action for specific performance of a contract to convey land, must allege that the defendant was the owner or could comply with a decree for specific performance.
   [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 356–370, 372; Dec. Dig. § 114.\*]

2. SPECIFIC PERFORMANCE (§ 122\*)—COMPLAINT—DISMISSAL.
   In an action for specific performance, where plaintiff's evidence showed a verbal contract under which plaintiff was placed in possession and made a payment, a motion to dismiss, on the ground that the complaint did not allege ownership or that defendant could convey, will be granted.
   [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 397–399; Dec. Dig. § 122.\*]

Action by Morris Hollander against Abraham Lustik for specific performance. Complaint dismissed.

James L. Whitley, of Rochester (Patrick McIntyre, of Rochester, of counsel), for plaintiff.

Eugene J. Dwyer, of Rochester, for defendant.

SAWYER, J. The complaint sets forth a contract for the conveyance of certain lands, partial performance upon the part of plaintiff, and the failure of defendant upon demand, to fulfill, and in the prayer for relief demands judgment for specific performance, or, in the alternative, for money damages. The answer is a general denial.

Upon the trial the evidence presented by plaintiff tended to show a verbal contract between the parties, that plaintiff made a down payment of $600 on the purchase price, and that with the making of the contract he was placed by defendant in possession of the property. That of defendant was an absolute denial of these claims and, in effect, that the entire cause of action was manufactured and without foundation in fact. It is quite likely that, if the complaint had given any intimation that the contract sued upon was verbal only, defendant would have set up the statute of frauds, and thus defeated a decree of specific performance. Real Prop. Law (Consol. Laws 1909, c. 50) §§ 259–270; McKinley v. Hessen, 202 N. Y. 24, 30, 31, 95 N. E. 32.

[1] The complaint contains no allegation that defendant was the owner of the property in question, or that he could conform to a judgment decreeing specific performance, and defendant, at the opening of the trial, moved to dismiss it upon that ground. This motion was renewed at the close of the plaintiff's case, and again at the close of the whole case. In each instance the court, with consent of counsel, reserved decision. While this question of pleading has been discussed and variously decided in other jurisdictions, it seems not to have been squarely presented to the appellate courts of this state for

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

·determination, and the practice is uncertain. Messenger v. Chambers, 53 Misc. Rep. 117, 103 N. Y. Supp. 1100.

Upon ·general principles, an allegation of defendant's ability to convey would seem to be necessary in an action brought in the equity side of the court for specific performance. Such judgment would not be ordered unless defendant could comply, and therefore such averment appears logically to be a requisite of such a complaint. The editor of Cyc. (volume 36, p. 777), however, after reviewing many of the cases·in the various jurisdictions, gives it as his opinion that according to the weight of authority the pleader need not allege defendant's ability to perform; that it is sufficient if the pleading does not appear to show that performance is impossible.

In the United States courts the practice is apparently settled ·to the contrary by the determination in Kennedy v. Hazelton, 128 U. S. 667, 9 Sup. Ct. 202, 32 L. Ed. 576, where it is held that a bill by the vendee against the vendor for specific performance which does not show any title in the defendant is bad on demurrer. The contract there involved, however, was one for the transfer of a patent, and upon the question of specific performance the courts of this state recognize a distinction both in application of the remedy, and in pleading between contracts relating to real estate and those concerning personal property. Wait, Pr. (2d Ed.) § 984, and cases there cited.

In Jacobson v. Rechnitz, 46 Misc. Rep. 135, 93 N. Y. Supp. 173, upon a motion for new trial, Mr. Justice Gaynor held that the vendor was presumed to be able to carry out his contract. That complaint, however, contained a specific allegation that it was within defendant's power to carry out the agreement. Unquestionably, a complaint which expressly alleges the power of the vendor to complete his contract is sufficient, without recourse to a presumption of his ability based upon the contract.

This precise question was before the court on demurrer in Broder v. Gordon, 50 Misc. Rep. 282, 100 N. Y. Supp. 463, where it was held that the omission to allege title in the defendant was fatal and the demurrer was sustained. There the prayer for specific performance was followed by one for general relief, and it was held that such prayer did not cure the defect; that the complaint was one for specific performance, and that alone. Here, as in the Jacobson Case, supra, it will be observed that relief in the alternative is demanded.

Plaintiff has called my attention to the case of Freedman v. Oppenheim, 187 N. Y. 101, 79 N. E. ·841, 116 Am. St. Rep. 595, as sustaining this complaint. That was an action based upon a contract for the exchange of real estate; defendant having refused to perform on the ground that plaintiff's title was not marketable. The complaint fails to show anything of defendant's ability to convey, save as same may be presumed from his having made the agreement; but nowhere does the question appear to have been raised. The litigation proceeded upon the theory that the complaint set forth a cause of action, and the court is not deemed to have decided its sufficiency.

In Elliott v. Asiel, 120 App. Div. 829, 105 N. Y. Supp. 655, the contract under consideration was made by defendant as an administrator.

The complaint was in the alternative, and appears to have set forth the agreement to sell without any allegation as to defendant's ability to convey. Indeed, there could not have been such an averment, for plaintiff knew of defendant's inability prior to the commencement of the action. No objection to the sufficiency of the complaint was interposed, and the parties proceeded to trial, where proof of the contract and of plaintiff's expenditures upon the faith of it was excluded, evidently on the ground that the action was brought against defendant individually, whereas the contract upon its face appeared to have been made by him only in his representative capacity as administrator. In reversing this ruling, and granting a new trial, the Appellate Division in the First Department held that the proof was competent, as on the face of it the contract recited that he had authority to sell the property, and he therefore became liable thereon individually. The following language of the court in its opinion:

"If an individual, without title to property, enters into a contract to sell and convey it, he cannot avoid the consequences of his contract by subsequently informing the purchaser that he had not title to the premises, nor can he deprive the plaintiff of the right to sue in equity for specific performance of the contract, with a prayer for alternative relief * * * according to the equities; * * * and in such case, if it appeared that the defendant could perform, the plaintiff would be entitled to specific performance, and otherwise he would be entitled to the alternative relief"

—seems to be relied upon by this defendant as disposing of this question of pleading; but I think it not an authority here. In the first place, as has been stated, the question of the sufficiency of the pleading was not involved, and, secondly, the statement is explained and its intended limitation pointed out in the concurring opinion of Mr. Justice Ingraham, who also uses in connection therewith this significant language:

"The complaint set up a good cause of action *for damages at law* and an answer had been interposed. * * * *There was no objection, either in the answer or upon the trial,* to trying the action as one in equity, nor was there a demand for a trial by jury."

This indicates a doubt, at least, on the part of the learned justice as to sufficiency of that complaint, and that no attempt to pass upon it, in the absence of objection, was to be implied from the decision.

This view of the decision seems to be confirmed by examination of the cited case (Steinhardt v. Baker, 25 App. Div. 197, 49 N. Y. Supp. 357; Id., 163 N. Y. 410, 57 N. E. 629), which in turn, so far as the questions here presented are concerned, refers to Barlow v. Scott, 24 N. Y. 40, and Sternberger v. McGovern, 56 N. Y. 12.

Steinhardt v. Baker, supra, was an action in the alternative brought by the vendee, who had refused to accept a title upon the ground that it was defective. Upon its being determined that the title was good, it was held that he, having broken the contract by not accepting the deed tendered, was not entitled to a specific performance of the contract nor to recover the purchase money paid; that the rule as to alternative relief is applicable only where plaintiff has held to his contract.

In Barlow v. Scott, supra, the complaint set forth specifically that defendant had no title to the land, and then prayed in the alternative

for a specific performance of the contract, or for damages. Upon the trial it was held that the case was one in which specific performance could not be decreed, and damages were allowed. While this action of the trial court was sustained by the Court of Appeals, it called attention to the fact that there was nothing in the case to show that objection to the complaint was made at the trial, and stated that, when a defendant answered and went to trial upon the pleadings as they stood, without objection, that court could not interfere. The obvious inference is, if objection had been interposed, the decision would probably have been reversed.

In Sternberger v. McGovern, supra, it is held that where the complaint states facts giving cause of action for specific performance, and also one for damages for breach of contract, the plaintiff is entitled, in event specific performance cannot be had, to a recovery of the damages. In that case it appears that plaintiff knew of defendant's inability to perform prior to the commencement of the action, and consequently in his complaint included no allegation to the contrary. Defendant answered and went to trial without objection, and at all times both sides, as well as the court, seem to have treated the complaint as a sufficient pleading upon both branches of the action.

The nature of the change in the equity practice from the old system is pointed out in Bradley v. Aldrich, 40 N. Y. 504, 100 Am. Dec. 528, and the rule laid down that where two causes of action arising out of the same transaction, one legal and one equitable in nature, are united, the court may adjudge according to the proof; but that if equitable relief only is alleged and prayed for, and not sustained by the evidence, the court has no power to grant a legal remedy, even though the facts would, in a court of law, warrant its application. Through all the changes which have been since made in our law this rule has remained undisturbed, and under that and the cases above discussed it follows that when a cause of action in equity is not alleged, and timely objection is interposed, the court cannot retain the cause and grant the legal remedy, even though the prayer for relief is in the alternative.

With the adoption by our Legislature of the code system of practice the distinction between legal and equitable practice and remedies was abolished and uniformity of pleadings provided. The intricate and technical pleading demanded under the old equity procedure was abandoned, and the same criterion of sufficiency established for both law and equity complaints, viz., whether the allegation can be made the subject of an issue material to the relief sought to be established. Van Santvoord, Pleadings, 64. A complaint in equity should be sufficiently full and certain to enable the court, upon proof or admission of all the facts contained in it, to grant the relief sought, and, if not, it is objectionable. Id. 204.

[2] Applying this rule, how would it be possible for the court, upon admission of the facts set forth in this complaint, to direct specific performance, without the additional proof of defendant's ability to obey the mandate? Applying the above test of sufficiency, such an allegation is the subject of an issue material to the desired relief, and is

not supplied by a presumption from the making of the contract. As was said by Mr. Justice Blanchard:

"A bill for equitable relief should, it seems, sufficiently state that it is within the power of the defendant to do the acts for which the bill prays." Broder v. Gordon, supra.

I am convinced that this omission ousts the court of equitable jurisdiction, and as its power to, in the alternative, award damages in this action, is incidental to and dependent upon such equitable jurisdiction, the complaint cannot be retained for that purpose.

Plaintiff's motion to amend at the trial is denied. The deed in evidence was received against objection, and must now, under the ruling, be stricken out, so there is no proof in the case to sustain such an amendment. Were this otherwise, I think it not competent to at the trial so amend a complaint that it shall for the first time set forth a cause of action. An amendment contemplates that there shall be something to amend. Such an application must be made at the Special Term, where defendant has not asked to be sent. Abbott v. Meinken, 48 App. Div. 109, 62 N. Y. Supp. 660; Clements v. Beale, 53 App. Div. 416, 65 N. Y. Supp. 1093; Wheeler v. Hall, 54 App. Div. 49, 66 N. Y. Supp. 257.

Defendant's motion granted, and complaint dismissed, with costs, but without prejudice to plaintiff's right to institute such other or further action as may be advised. Exception to those rulings may be noted for plaintiff.

Ordered accordingly.