Harriet A. Brown
vs. } No. 4172.
Nahum Green, alias

April 8, 1930.

FROST, J. This is an action of covenant tried to the Court without a jury. It was brought to recover damages for an alleged breach of the covenants in a warranty deed dated February 26, 1916, whereby the defendant conveyed to the plaintiff two parcels of land, one with buildings and improvements thereon, situated in the County of Newport in said State. In substance the plaintiff complains that the defendant was not seized in fee simple of the land which he attempted to convey and that he lacked lawful authority to sell and convey the same to the plaintiff. Defendant by his pleas denies the breach of the covenants of the deed and also says that

at the time of the conveyance aforesaid he had good title to said land by adverse possession.

The simple question, then, is: Had the defendant a clear title in fee simple to said land when he attempted to convey it to the plaintiff? The Court thinks he had such title. The land in question is a part of a considerable amount of land owned and occupied by Abner Potter who died in 1893. Upon his death the land which is the subject of the present suit was occupied and farmed by Henry Anthony, who died February 28, 1914, and then by the latter's widow, Louisa F. Anthony, until she conveyed the same to Nahum Green, defendant in the present suit, by deed dated May 6, 1915.

It is probable that Henry Anthony considered that he acquired this and other land under the will of Abner Potter and it is probable that both Louisa F. Anthony and the defendant herein, when they made the conveyances before mentioned, assumed that they had a good record title running back to the will of said Abner Potter. That such record title was not good has now been found to be the fact. The Supreme Court of this State in Brown et al. vs. Hughes et al., 142 Atl. Rep. 617, found that property including the land in question became a part of the residuary estate under the will of said Abner Potter. Under this will the residuary estate did not pass to Henry Anthony but rather to the sister of said Abner Potter or to her descendants.

The defendant herein did not, then, have a record title when he conveyed to the plaintiff, Harriet A. Brown.

The testimony does show, however, with remarkable clearness that he had title by adverse possession. The testimony in the present suit is uncontroverted that Henry Anthony, from the time of Abner Potter's death in 1893 until his own death in 1914, occupied and farmed the land and in every way exercised dominion over it; that Louisa F. Anthony did the same until she conveyed it to Nahum Green in 1915; that Green, while he did not occupy the house which is on the first parcel of land, did paint the house inside and out and shingled one side of the barn. During all of this period from 1893 to 1916, it was testified that there never was a claim made that the occupier and apparent owner was not the real owner. Upon the testimony there can be no reasonable doubt that the defendant had title by adverse possession when he conveyed to the plaintiff.

The defendant so far as appears did not agree to give plaintiff a record title. He carried out the covenants of the deed if he gave to her a title that was marketable and the Court thinks that the title which he conveyed to her which was based upon adverse possession extending over a period of more than 20 years was a marketable title, free from reasonable doubt either in law or fact. 39 Cyc. 1452.

There is testimony that the plaintiff attempted to sell one of the parcels of land obtained from the defendant and that the prospective purchaser refused to carry out the agreement of sale because some bank refused to make a loan on the land under the advice of counsel, on the ground that the title was not clear. But this amounts to little, since undoubtedly the bank's title examiner was looking for a record title and, as has been shown, there was none that was good. This evidence does not, to the mind of the Court, prove that the title now possessed by the plaintiff is not a marketable one.

That a defective record title may be a marketable one is not open to question.

*Aroian* vs. *Fairbanks*, 216 Mass. 215;

*Conley et ux.* vs. *Finn*, 171 Mass. 70; 50 N. E. 460;

*O'Connor et al.* vs. *Huggins*, 113 N. Y. 511; 21 N. E. 184;

*Freedman et al.* vs. *Oppenheim*, 187 N. Y. 101; 79 N. E. 841;

*Stewart* vs. *Kreuzer et al.* 127 Md. 1; 95 Atl. 1052;

*Pottes* vs. *Lumsden*, 93 N. J. Eq. 476; 117 Atl. 31;

*Dodge* vs. *Lavin*, 34 R. I. 409, 514.

At the request of the defendant, made under the provisions of Chapter 337, Section 6. G. L. of R. I. 1923, the Court finds specially,

(a) That the defendant and his predecessors in title had, prior to the conveyance thereof, uninterrupted, quiet, peaceful and actual seisin and possession of the land which he conveyed to the plaintiff by his deed poll, dated the 26th day of February, 1916, and at the time of the conveyance was seized and possessed in fee simple of a good and sufficient title thereto by adverse possession.

(b) That the defendant had good right, full power and lawful authority to sell and convey the aforesaid tract of land, and that his deed poll dated the 26th day of February, 1916, was sufficient in all respects to convey, and by the same he did convey unto the said plaintiff a good title in fee simple.

Upon all of the evidence the Court is convinced that there has been no breach of the covenants of the deed of February 26, 1916, as claimed by the plaintiff and therefore gives decision for the defendant for his costs.

For plaintiff: Charles H. Koehue, Jr.

For defendant: Burdick, Corcoran & Peckham.