## SUPREME COURT.

WILLIAM PHILLIPS and JOHN H. NORTHRUP agt. DAVID HAGA-
DON and ISABELLA his wife.

Although the insanity of modern legislation has sought to make a married wo-
man a *single female*, yet it must be distinctly understood, by business men
and the profession, that a married woman is *not bound* by an *executory con-
tract*; and that her *note* is now, as heretofore, *absolutely void*.

A *joint demurrer* cannot be sustained by two or more defendants, on the
ground of defect of parties, because there are *too many* defendants; par-
ticularly, when they have all united in the contract on which the plaintiff
declares; though the contract as to some one or more of the defendants may
not be binding.

The acts of 1848-9, in reference to married women, have not changed the rules
of *pleading*. Nor should those acts be held to affect the rights of married
women, except by the strictest construction of their provisions.

*Dutchess Special Term, Nov.,* 1855.

THE complaint in this case states, that the defendants are
husband and wife; that they executed their promissory note,
payable to the plaintiffs, for the sum of $480.25, sixty days
after date; that the note was given for goods, wares and mer-
chandise, purchased of the plaintiffs by the defendant, Isabella,
the wife of David Hagadon, the other defendant; who was do-
ing business in her own name, and on her own account, apart
from her husband; and that she executed the note with the
consent and approbation of her husband. It then concludes by
demanding judgment against both defendants.

The defendants demur, and specify for grounds of demurrer,

1. That there is a defect of parties defendants, in this, that
the defendant, Isabella Hagadon, is, and was the wife of the
defendant, David Hagadon, at the time of the purchase of the
goods and the making of the note.

2. That the complaint does not state facts sufficient to con-
stitute a cause of action.

VOL. XII.                    2

Phillips & Northrup agt. Hagadon and wife.

A. WAGER, *for plaintiffs.*
JACKSON & WILKINSON, *for defendants.*

DEAN, Justice.   The credit given by the plaintiffs to the defendant, Isabella Hagadon, and the action founded thereon, is one of the legitimate consequences of the insanity of that modern legislation which has sought to make a married woman a single female.   It is, however, time for business men, and the profession, to understand, that a married woman is not bound by an executory contract, and that her note is now, as heretofore, absolutely void.

I regret that the demurrer in this case is not in such a form that a final judgment can be given upon it, which would settle the rights of the parties.   But that is now impossible.   I do not think a joint demurrer can be sustained by two or more defendants on the ground of defect of parties, because there are too many defendants, particularly when they have all united in the contract on which the plaintiff declares, though the contract, as to some one or more of the defendants, may not be binding.

Had the wife demurred separately, on the ground that, as to her, there were not sufficient facts stated to constitute a cause of action, I would have sustained the demurrer.   But as the demurrer is joint, and as the husband, though not liable on the contract of purchase, may be on the note, the demurrer must be overruled.

I must not be understood as even intimating that a husband is liable for goods furnished the wife for the purpose of trade on her own account.   These goods, some of them, may have been necessaries; or she may have been acting as the agent of the husband in the purchase, in which event he would be liable, and there could then be no question as to the consideration of the note.   But as the defendants, and each of them, can take the necessary objections at the trial, to raise these questions, I do not decide them now.

The plaintiffs must have judgment on the demurrer, with leave to answer on the usual terms.

It is scarcely necessary for me to add, that the facts stated in the complaint are wholly insufficient to charge the separate estate of the wife. The acts of 1848–9, in reference to married women, have not changed the rules of pleading. Nor should those acts be held to affect the rights of married women, except by the strictest construction of the provisions thereof.