Clark *et al. v.* The Crawfordsville Coffin Company.

No 14,490.

CLARK ET AL. *v.* THE CRAWFORDSVILLE COFFIN COMPANY.

PLEADING.—*Complaint.—Demurrer.—Defect of Parties.—Misjoinder of Causes of Action.—No Cause of Action.*—This was an action against A., B., C., D. and E. The complaint sets out three written instruments, the first being signed by A., B., C. and D. In this instrument the plaintiff agreed to furnish to the parties named fifty machines, known as the "Cooley Hay Stacker," for which they agreed to pay a certain price in a certain manner, at specified dates. The second instrument was signed only by A. and B., and modified the former agreement, but provided that "this agreement does not invalidate the former contract except as to the manner of payment." On the the same day a similar agreement was signed by C. and D. and by one E.

*Held,* that a demurrer to the complaint for defect of parties is bad, because there was no omission of necessary parties defendant.

*Held,* also, that a demurrer proceeding on the theory that there is no cause of action is bad, because at least as to some of the defendants there is a cause of action.

*Held,* also, that the overruling of a demurrer to the complaint for a misjoinder of causes of action will avail nothing, the statute expressly forbidding a reversal upon that ground.

EVIDENCE.—*Written Instrument.—Identification of Subject-Matter.—Admissibility of Parol Evidence.*—The machine which the plaintiff undertook to deliver to the defendants was not specifically described. It was proper, therefore, to admit parol evidence to identify the kind of stackers contracted for, and thus apply the contract to its subject-matter.

VERDICT.—*Special Interrogatories.—Answers to.—Reconciling of with General Verdict.*—The general verdict will stand if the answers to special interrogatories can be reconciled with it upon any reasonable hypothesis.

From the Carroll Circuit Court.

*S. O. Bayless,* for appellants.

*A. D. Thomas,* for appellee.

ELLIOTT, J.—The complaint of the appellee sets out three written instruments. The first is dated April 9th, 1886, and is signed by the appellee and by Robert A. Clark, James L. Reckard, Frederick E. Minor and Arthur M. Kinney. In this instrument the appellee agrees to furnish to the parties

named fifty machines, known as the " Cooley Hay Stacker," and the parties named agree to pay twenty-eight dollars for each machine, payments to be made in instalments and at the dates specified. On the 29th day of June, the second instrument was executed, wherein the former agreement was modified, but which provided that " this agreement does not invalidate the former contract except as to the manner of payment." This second agreement was not signed by Minor or Kinney. On the same day a similar agreement was made, and it was signed by Kinney and Minor and by one David Lannum. The complaint alleges performance on the part of the appellee and failure on the part of the appellants. The defendants demurred to the complaint. The demurrer, omitting the formal parts, reads thus: " Come now the defendants and demur to the plaintiff's complaint separately and severally, and to each of the paragraphs on the following grounds: 1st. The complaint does not, nor does either of the paragraphs thereof, state facts sufficient to constitute a cause of action against said defendants or either of them." This demurrer was subsequently withdrawn and Lannum filed a separate demurrer, assigning for cause: " 1st. That the complaint does not state facts sufficient to constitute a cause of action. 2d. That there is a misjoinder of parties defendant. 3d. Because the defendant is improperly united with the other defendants." Before this demurrer was ruled on the appellants filed a third, which, omitting formal parts, reads thus: " Come now the said defendants and each of them separately demurs to the complaint herein for the reasons: 1st. That the complaint does not state facts sufficient to constitute a cause of action against them or either of them. 2d. Because there is a misjoinder of parties defendant herein. 3d. Because there are two causes of action improperly joined." The record entry of the ruling upon these demurrers is this: " Come again the parties and the court, after due consideration, overrules the separate demurrer of the defendant, Lannum, to the plaintiff's com-

plaint, and said defendant excepts, and the court also over-rules the joint demurrer of the defendants to the plaintiff's complaint, and said defendants except."

The course pursued by the appellants in their attack by demurrer is an unusual one and has produced confusion, but they can not be permitted to profit by the result of their own departure from the proper mode of procedure. It is very doubtful whether the last demurrer, in which all joined, is not a waiver of the second, for it may well be questioned whether a joint demurrer which repeats causes assigned in a former separate one does not waive the separate demurrer. But the course of argument adopted by counsel renders it unnecessary to decide this question.

We shall decide the questions presented in the appellants' brief, and only such questions as are there argued. That there may be no misunderstanding upon this point we copy all that counsel say respecting the ruling upon the demurrers. What they say is this : " In this complaint there was clearly a misjoinder of parties. Lannum was a stranger to the contract made by his co-defendants. He was not a party to this contract, nor was he a party having a privity of interest with his co-defendants in the original contract. As to the other defendants there would be a severance of the original contract, and by the subsequent contracts entered into by appellee, on June 29th, 1886, the appellee looked to Clark and Reckard alone for the payment of twenty-five of these machines, and to Kinney & Minor, with Lannum as their surety, for the payment of the remaining twenty-five machines. Therefore, this action should have been brought against these sets of defendants separately ; and the joining of these actions, and by it these parties, was clearly an error." It is somewhat difficult to determine upon what theory the argument proceeds, and much is left to conjecture. If it proceeds upon the theory that there was a misjoinder of causes of action, it will avail nothing, because the statute expressly forbids a reversal upon that ground. If it proceeds upon the

theory that there was a defect of parties it must fail, because there was no omission of necessary parties, and, as has often been decided, the making of too many defendants does not constitute a defect of parties defendant within the meaning of the statute. If the theory is that there is no cause of action the argument fails, because as to some, at least, of the defendants there is a cause of action. Indeed, no argument is adduced to prove that there is not a cause of action against all of them. The original contractors were unquestionably liable; the subsequent writings continued that contract in force, and Lannum, when he came into the transaction, agreed that it should continue in effect. *Lucas* v. *Coulter,* 104 Ind. 81.

The machine which the appellee undertook to deliver to the appellants is not specifically described, for it is designated as a " Cooley Hay Stacker," and the courts can not say that all " Cooley Hay Stackers " are of a certain size and kind. It was, therefore, proper to admit parol evidence to identify the kind of stackers contracted for, and thus apply the contract to its subject-matter. It is a familiar rule that parol evidence is competent to apply a contract to its subject-matter, and that rule applies to this case. *Wills* v. *Ross,* 77 Ind. 1 (13); *Stoops* v. *Smith,* 100 Mass. 63 (1 Am. Rep. 85).

The appellants' counsel assert that the court erred in refusing instructions asked, but they content themselves with the bare assertion, adducing neither argument nor authority in its support. We can not, without a violation of our rules and a departure from our decisions, consider any question as presented upon the instructions.

The answers to special interrogatories do not state such facts as override the general verdict. The rule is that the general verdict will stand if the answers can be reconciled with it upon any reasonable hypothesis, and there is no difficulty in doing that in this case.

Judgment affirmed.

Filed Oct. 8, 1890.