(27 Misc. Rep. 235.)

MOORE et al. v. CHARLES E. MONELL CO. et al.

(Supreme Court, Special Term, New York County. April, 1899.)

1. NOTES—PLEADING INDORSEMENT.

A complaint, in an action against a corporation and M., which alleges that they executed a certain agreement, which provided that the corporation would make a note payable to the order of plaintiff's intestate; that, after it was indorsed by the party of the second part, it would deliver the note to the payee; that the party of the second part would indorse the note so made, and deliver it to the payee; and that the corporation made its note, a copy of which was set out in full, with the words, "Indorsed. M.,"—sufficiently alleges that M. indorsed the note.

2. JOINT DEMURRER—OVERRULING.

A demurrer by two defendants jointly must be overruled, if the complaint states a cause of action against either.

3. CORPORATIONS—NOTE—ULTRA VIRES—AUTHORIZATION.

Though the making of a note by a corporation is ultra vires, if it was authorized by all of the stockholders it will be binding on the corporation.

Action by J. Owen Moore and another, as administrators, against the Charles E. Monell Company and another. Demurrer to the complaint overruled.

Maas & Goldberg, for plaintiffs.

R. Krause, for defendants.

TRUAX, J. The complaint alleges that the defendants executed the agreement annexed to the complaint. That agreement contains a provision to the effect that the defendant corporation will make a note, payable on demand, to the order of plaintiffs' intestate, for the sum of $14,471.17, with interest, and that, after having been indorsed by the party of the second part, it will deliver it to the party of the first part, the plaintiffs' intestate, and that the party of the second part will indorse the said note so made as aforesaid, and will deliver the same to the said party of the first part. The complaint further shows that, pursuant to said agreement, the defendant corporation duly executed and delivered their promissory note in writing, and sets forth in full a copy of said note, with the words "Indorsed. Charles E. Monell." Perhaps this is not a very artistic way of alleging that said note was indorsed by said Monell, but I am of the opinion that the allegation that the note was so indorsed is, in effect, contained in the complaint. "To sustain a demurrer to a complaint," the court of appeals said in Marie v. Garrison, 83 N. Y. 14, "it is not sufficient that facts are imperfectly or informally averred, or that it lacks definiteness and precision, or that the material facts are argumentatively averred; it will be deemed to allege what can, by reasonable and fair intendment, be implied from the allegations." I am therefore of the opinion that, by virtue of section 114 of the act in relation to negotiable instruments (Laws 1897, c. 612), the defendant Monell became liable to the payee as indorser. The demurrer interposed is joint in form, by both the defendants. It is well settled that, if a complaint states a cause of action against either defendant, such a demurrer must be overruled.

The defendant Monell, however, contends that the complaint shows that the note set forth in it is ultra vires, as against the defendant corporation, and that, therefore, he is not liable as an indorser. If the making of the note is an act which the corporation had no power to do, still such act was not in itself illegal, and, having been authorized by all the stockholders of the corporation, it becomes a valid act of the corporation, and binding upon it. Kent v. Mining Co., 78 N. Y. 186. "A bank," says the court of appeals in the case last cited, "has no authority from the state to engage in benevolent enterprises, and a subscription, though formally made, for a charitable object, would be out of its powers, but it would not be otherwise an illegal act; yet if every stockholder did expressly assent to such an application of the corporate funds, though it would still be in one sense ultra vires, no wrong would be done, no public interest harmed, and no stockholder could object, or claim that there was an infringement of his rights, and have redress or protection. Such an act, though beyond the pow-

er given by the charter, unless expressly prohibited, if confirmed by the stockholders, could not be avoided by any of them, to the harm of third persons." It seems to me that these words are peculiarly applicable to this case. Demurrer overruled, with costs, with leave to the defendants to answer on payment of such costs.

Demurrer overruled, with costs, with leave to answer on payment of costs.