(31 Misc. Rep. 607.)

MILDENBERG et al. v. JAMES et al.

(Supreme Court, Special Term, New York County. May, 1900.)

1. CORPORATIONS—SUBSCRIBERS TO STOCK—PROMOTERS—CAUSE OF ACTION.
    Where subscribers to corporate stock agreed with promoters to use their efforts to facilitate the organization of the corporation according to a certain plan, which contemplated particular remuneration to the promoters, in consideration of the transfer of shares which the promoters were to receive as part of their remuneration, and after the corporation's organization it completed a contract with the promoters for their services, without fraud, which was not so favorable to them as the remuneration contemplated by the plan of organization, the subscribers were thereby absolved from all liability to the promoters on their contracts with them.

**2. SAME—JOINT DEMURRER—WHEN OVERRULED.**
   Where several defendants demurred jointly to a complaint for failure
   to state a cause of action, and a good cause of action was stated against
   one of them, the demurrer must be overruled.

Action by Samuel H. Mildenberg and others against Darwin R.
James and others. Demurrer to the complaint. Overruled.

E. H. Benn, for plaintiffs.

Arthur J. Baldwin, for defendants demurrant.

BISCHOFF, J. The plaintiffs, acting as promoters, procured the
signatures of certain of the defendants to a subscription list which
stated that each agreed to take a fixed number of shares of stock
in a projected corporation; the agreement reciting that certain
properties held by other corporations· were to be acquired by this
corporation, when formed. Contemporaneously an agreement was
made between the plaintiffs and each subscriber whereby the sub-
scriber practically engaged to use his influence towards completing
the enterprise, and the plaintiffs promised, in their turn, to give
the subscriber a certain amount of the stock which it ·was under-
stood that the corporation, when formed, should turn over to them
for their services as promoters. The corporation was formed un-
der the name of the People's Telephone Company, but a contract
in the exact terms of the understanding recited in the individual
agreements was not made. The plaintiffs and the corporation did,
however, conclude an agreement, unaffected by any element of
fraud or mistake, covering the whole subject of the taking over of
properties and of the compensation for plaintiffs' services, but there
was a failure of performance; and this action is brought to annul
the contract thus made, and to enforce the individual agreements of
the several defendants, or, in the event of the corporation's agree-
ment being held binding, to enforce that agreement against the
defendants, and for an apportionment of damages sustained by the
plaintiffs and by the corporations whose properties were to have
been acquired and purchased.

It is clear that the individual agreements of the subscribers, if
sufficiently definite to give rise to any liability, were fully per-
formed when the corporation offered its ·form of contract to the
plaintiffs and they accepted it, and the failure of performance
simply gave the plaintiffs their proper remedy for the breach. This
contract was made with a full understanding of all the facts, as
appears from the allegations, and· there was no fraud inducing the
plaintiffs' acceptance. True, it is alleged that the corporation after-
wards endeavored to avail itself of a condition of the agreement
in a fraudulent manner, as an excuse for nonperformance; but this
fraud affected only the merits of a possible defense when sought
to be set up by the corporation, and could afford no ground for
setting aside the agreement itself. In its most favorable aspect,
the complaint fails to disclose any cause of action against the
defendant subscribers, and the determination that the pleading is
insufficient as against them necessarily covers the points, also taken

by the demurrer, as to a misjoinder of causes of action, and a defect of parties touching the case as thus framed.

So far as the action proceeds against the defendant the People's Telephone Company, there is no basis upon the allegations for an apportionment of damages, as though sustained severally by the plaintiffs and by the corporations whose properties would have been purchased had the agreement been carried out. The averments are consistent only with the fact that the plaintiffs acted as principals, not as agents for these different companies, and that they personally were to secure the proper transfers. In fact, their counsel describes the plaintiffs, in this aspect, as "trustees," and, if they were such, the damages would be recoverable by them in the first instance, subject to their accounting to the parties interested in the trust. Certainly the People's Telephone Company did not contract with these corporations, nor make an agreement for their direct benefit. I conclude that the complaint contains averments sufficient for an action at law against the People's Telephone Company, within the demand for relief by way of damages (Abb. Tr. Brief Pl. § 120), and that, except as to this defendant, no cause of action is stated. However, these views upon the merits of the case cannot result in my sustaining the demurrer to the extent to which it is substantially well taken, since the defendants, including the People's Telephone Company, have jointly demurred, and, as matter of form, the demurrer must be overruled because the complaint states a cause of action against one of the joint demurrants. Phillips v. Hagadon, 12 How. Prac. 17; Peabody v. Insurance Co., 20 Barb. 339; Abb. Tr. Brief Pl. § 14.

Under the circumstances, leave will be given the defendants to withdraw and amend the demurrer (Abb. Tr. Brief Pl. §§ 14, 26) within 10 days, on payment of costs of the argument. Unless this leave be availed of, the demurrer will be overruled, with costs, with leave to answer on payment of costs within 20 days.

Ordered accordingly.