---

### MAWHINNEY v. BANKERS' TRUST CO. et al.

#### (Supreme Court, Appellate Division, First Department.   March 6, 1908.)

1. CORPORATIONS—REORGANIZATION—AGREEMENTS — LIABILITIES OF DEPOSITA-
RIES OF SECURITIES—ACTIONS—PLEADING—PROPER PARTIES.
    In an action against members of a committee for the reorganization of certain corporations, the complaint alleged that defendant trust company was the depositary of the securities under the reorganization agreement, that it was superseded by another trust company, and delivered all the securities to it. Plaintiff further alleged, on information and belief, that said defendant assisted the individual members of the committee in misappropriating or wasting the property of one of the corporations and shared in the profits so made, but he had no knowledge of the amount misappropriated or wasted. Code Civ. Proc. § 452, provides that parties necessary to the complete determination of an equitable action may be brought in by order of court. *Held*, that the complaint stated a cause of action against defendant trust company, as a proper party defendant.

2. PARTIES—PROPER PARTIES—BRINGING IN NEW PARTIES.
    If it appears in the trial of an equitable action that the presence of other parties is a necessity, it is error to proceed to judgment until such parties are brought in, although no objection had previously been made.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parties, §§ 77–79.]

3. PLEADING—RIGHT TO DEMUR.
    Where the complaint in an equitable proceeding shows that certain of the defendants are proper parties, although possibly not necessary parties, such proper parties are not entitled to demur to the complaint.

4. PARTIES—PROPER PARTIES—BRINGING IN NEW PARTIES.
    All persons materially interested in the subject-matter of an equitable action are proper parties, and if a plaintiff knows that a third person claims an interest in the subject-matter, but does not know its nature, he may so state, and such person may be made a defendant and required to disclose his interest.

5. CORPORATIONS—REORGANIZATION—AGREEMENTS — COMMITTEES — LIABILITIES OF MEMBERS—ACTIONS—PLEADING.
    A complaint in an action against members of a committee for the reorganization of certain corporations alleged that L. signed the reorganization agreement, which was made a part of the complaint. His name did not appear among the parties of the first part, but appeared in a preliminary heading as secretary of the committee. The signatures to the agreement were not given, but the agreement provided that third parties to it should consist of such as should sign the same, and recited that the committee, a trust company, and other parties, had set their hands and

seals thereto. A proposed plan of reorganization issued by the committee was not signed by L. The complaint was verified by plaintiff's attorney as upon his own knowledge. *Held*, that the complaint stated a cause of action against L.

**6. PLEADING—JOINT DEMURRERS.**

A joint demurrer, bad as to one party, is bad as to both.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 463.]

Appeal from Trial Term, New York County.

Action by Hugh H. Mawhinney against the Bankers' Trust Company and Thomas W. Lamont and others. From an interlocutory judgment overruling a demurrer to the amended complaint, said defendants appeal. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Joseph M. Hartfield, for appellants.
Roger Foster, for respondent.

HOUGHTON, J. The action is brought by the plaintiff as a stockholder against certain members of the reorganization committee under a reorganization agreement respecting the American Cotton Company and other subsidiary corporations. A demurrer to the complaint by one of the committee was considered by this court under the title of Mawhinney v. Bliss, 117 App. Div. 255, 102 N. Y. Supp. 279, affirmed 189 N. Y. ——, 81 N. E. 1169, where the general facts alleged are fully stated, rendering a further statement unnecessary.

The Bankers' Trust Company, one of the present appellants, was the depository of the securities under the reorganization agreement, and it demurs on the principal ground that the complaint states no cause of action against it. The complaint shows that the Bankers' Trust Company was the original depository, and received certain stocks and securities; but it further alleges that it was superseded by the Metropolitan Trust Company as depository, and that it delivered to its successor all the certificates of stock and other corporate securities which had been deposited with it. The only other allegation of the complaint connecting the Bankers' Trust Company with the acts complained of is on information and belief that it assisted the individual members of the reorganization committee in misappropriating or wasting the money and property of the American Cotton Company, and shared in the profits so made by them. The allegation respecting the misappropriation and wasting of the assets of the corporation by these individuals is upon information and belief, with an express statement that plaintiff has no knowledge of the amount of money or what property was so mismanaged or wasted.

If the allegation that the Bankers' Trust Company had received the property and securities as depository, and had thereafter transferred all of the same to its successor, stood alone, manifestly there would be no cause of action stated against it, and no occasion for continuing it as a party defendant to the action would be apparent.

If the Bankers' Trust Company was alone the primary party against whom an accounting was sought it might be well said that the allegations respecting the assisting in unlawful acts and the sharing of profits was too vague and indefinite, and too much of a conclusion to be called a good statement of a cause of action.

There is, however, in equity actions a well-defined distinction between necessary parties and proper parties defendant. Section 452 of the Code of Civil Procedure provides that where a complete determination of the controversy before the court in an equitable action cannot be had without the presence of other parties the court must direct them to be brought in. If it appears in the course of such a trial, though no objection has previously been taken, that the presence of other parties is a necessity for the complete determination of the controversy, it is error for the court to proceed to judgment until such parties are brought before it. Steinbach v. Prudential Ins. Co., 172 N. Y. 471, 65 N. E. 281; Mahr v. N. U. F. Ins. Co., 127 N. Y. 452, 28 N. E. 391.

Where the action is in equity and the complaint discloses that certain of the defendants are proper parties, although possibly not necessary parties, a proper party defendant as distinguished from a necessary party defendant is not entitled to test the complaint by the strict rules of demurrer. Such is the logical corollary resulting from the distinction between necessary parties and proper parties to an action.

While the rules of pleading in equity are the same in form as those in actions at law, they are broader and more elastic by reason of the character of the relief which may be desired and given, and, as a general rule, all persons materially interested in the subject-matter of such a suit are proper parties to it, to the end that there may be a complete decree binding upon all. Where a plaintiff in such an action knows that a third person claims an interest in the subject-matter, but does not know the nature, extent, or merits of the claim, these facts may be stated, and the claimant be made a party defendant and thus required to disclose his alleged interest. Townsend v. Bogert, 126 N. Y. 370, 27 N. E. 555, 22 Am. St. Rep. 835; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513; Satterlee v. Kobbe, 173 N. Y. 91, 65 N. E. 952; International Paper Co. v. Hudson River Water Power Co., 92 App. Div. 56, 86 N. Y. Supp. 736.

It may transpire upon the trial that the Bankers' Trust Company did some act in conjunction with the members of the reorganization committee for which it is accountable, or received some part of the profits, if any, arising from the deposit of the securities with it, which it should pay back into the corporation. If it should be eliminated as a party defendant from the action, and these facts be disclosed on the trial, it would be necessary to bring it back in as a party defendant before final judgment could be decreed.

We are of the opinion that enough is alleged in the complaint to show that it is a proper party defendant and to put it to its answer and explanation. With respect to the defendant Lamont, the complaint alleges as a fact that he signed the reorganization agreement

which is made a part of the complaint. Turning to that agreement, his name is not found amongst the parties of the first part, consisting of the reorganization committee, but appears only in a preliminary heading where he is described as secretary to the committee. The signatures to the agreement are not printed, but the agreement provides that the third parties to it shall consist of such as shall become parties thereto by signing the same, and it recites that the reorganization committee and the trust company and other parties have set their hands and seals thereto. The signatures to the plan of reorganzation appear, and Lamont's name is not amongst them, nor would it properly be there, for that was only a proposed plan of reorganization issued by the committee itself. The plaintiff has alleged positively that he did sign the agreement, and his attorney has taken the responsibility of verifying under oath the fact as upon his own knowledge, and we are bound to take such statement in preference to the probabilities flowing from the exhibits attached to the complaint. If he did sign the reorganization agreement, and thus make himself a party thereto, the other allegations of the complaint apply to him and a good cause of action is stated against him. We think enough is alleged to put him to his answer concerning the matter. The demurrer is a joint one, and if bad as to one, it is bad as to both.

Our conclusion is that the learned court properly overruled the demurrer, and that the interlocutory judgment should be affirmed, with costs, with the usual leave to the defendants to withdraw their demurrer and plead, upon payment of the costs in this court and in the court below. All concur.