BROCK v. POOR et al.   (No. 6959.)

(Supreme Court, Appellate Division, First Department.   May 7, 1915.)

CORPORATIONS ☞210—ACTION BY STOCKHOLDER—ACCOUNTING—VIOLATION OF TRUST—PARTIES.

An officer of a corporation, who, according to the complaint, with full knowledge of a trust agreement between stockholders and two of the defendant trustees and the rights of the stockholders thereunder, conspired and co-operated with the trustees in violating their trust, being equally accountable with them, was properly joined as defendant in a suit for accounting.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 808–813; Dec. Dig. ☞210.]

Appeal from Special Term, New York County.

Action by Charles Brock against Ruel W. Poor and others. From an order sustaining demurrer to answer of Thomas W. Stephens, plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Burt D. Whedon, of New York City, for appellant.

Thomas D. Adams, of New York City (Charles A. Brodek and Edgar J. Nathan, both of New York City, on the brief), for respondents.

LAUGHLIN, J.   The material facts are set forth in the opinion on the appeals from the orders sustaining the demurrers of the defendants Poor and Bennett, which is to be handed down herewith.

The respondent Stephens demurred on the same grounds upon which the defendants Poor and Bennett demurred. According to the allegations of the complaint, Stephens, with full knowledge of the trust agreement and of the rights of the stockholders thereunder, entered into the agreement with the trustees and co-operated with them as a joint conspirator in wrongfully and fraudulently violating their trusts.

lf those facts be true, he is equally accountable with them. Bosworth v. Allen, 168 N. Y. 157, 61 N. E. 163, 55 L. R. A. 751, 85 Am. St. Rep. 667; Mawhinney v. Bliss, 124 App. Div. 609, 109 N. Y. Supp. 332, affirmed 194 N. Y. 590, 88 N. E. 1125.

It follows that the order should be reversed, with $10 costs and disbursements, and plaintiff's motion for an order overruling the demurrer granted, with $10 costs, but with leave to respondent to withdraw the demurrer and interpose an answer on payment of the costs of the appeal and of the motion. All concur.