Argued January 4, modified January 16, rehearing denied February 27, 1917.

# COLUMBIA RIVER CO. v. SMITH.

### (162 Pac. 831; 163 Pac. 309.)

**Specific Performance—Pleading—Negativing Defenses.**

1. Inability of plaintiff to perform is a matter of defense by way of answer which the bill for specific performance need not negative.

**Pleading—Joint Demurrer.**

2. A cross-bill good against one defendant therein is good against the joint demurrer of all, and all are bound thereby.

**Pleading—Admission by Demurrer.**

3. A demurrer to a bill admits the truth of the allegations therein.

**Action—Change of Form.**

4. Interposing a demurrer to a sufficient cross-bill for specific performance in an ejectment proceeding and electing to stand thereon deprives the plaintiff of the right to put in a defense by way of answer in the ejectment suit, and in view of Section 390, L. O. L., such suit must be perpetually enjoined.

**Specific Performance—Failure to Convey—Purchase Price, Right to—"Conveyance."**

5. A decree in a suit for specific performance providing that in default of conveyance within the time provided therefor the decree shall stand as a deed is effective as a conveyance by operation of law under Section 414, L. O. L., and defendant is entitled to purchase money deposited in court, though he has not executed a deed.

> [As to form of conveyance which may be decreed in a suit for specific performance of contract to convey land, see note in Ann. Cas. 1915C, 489.]

**Appeal and Error—Harmless Error.**

6. Making findings of fact when not required constitute harmless error.

**Specific Performance—Complaint—Sufficiency.**

7. In an action for specific performance of contract for sale of land, the bill or complaint need not allege defendant's ability to perform or ownership of land, as inability to perform is a matter of defense, and the complaint is sufficient if it does not appear therefrom that performance is impossible.

**Specific Performance—Pleading.**

8. Where defendants by demurrer to cross-bill for specific performance admit averments of cross-bill alleging commencement by them of ejectment action, in which they alleged ownership of realty in suit, they cannot contend that bill for specific performance is defective in not alleging ownership of defendants at time of commencement of suit or ability of defendants to convey title.

From Clatsop: JAMES A. EAKIN, Judge.

Department 2.    Statement by MR. JUSTICE BURNETT.

This is a suit by the Columbia River Company against John A. Smith and Susanna Smith, in which suit the facts are as follows:

The defendants in this equity suit began an action in ejectment against the present plaintiff's tenant to recover the possession of lands in Clatsop County. In due course the company filed its cross-bill in equity, reciting the history of the ejectment action and averring "that heretofore and on January 24, 1910, the said defendant was in possession of and claiming to be the owner of a certain tract of land," which the pleading particularly describes the same as in the ejectment action. It goes on to state, in substance, that on the day mentioned the Whitney Company purchased from John Smith and he sold to it all the property thus described for $450, of which the purchaser paid to Smith $250 in cash, and thereupon they entered into a contract which John Smith signed and which contained the condition that:

"Upon payment of said sum I hereby covenant, contract and agree to execute and deliver unto the said Whitney Company, Limited, a good and sufficient deed conveying to the said Whitney Company, Limited, the fee simple title to all of the above described real estate and premises free and clear of all liens and incumbrances whatsoever, said deed to be satisfactory to the said Whitney Company, Limited, and to be a full warranty deed, both as to title, seizin and incumbrances."

It is said also that John Smith accepted the $250, and at the time of the execution of the contract put the Whitney Company in possession of the lands; that with his consent it caused a railroad to be constructed over the tract; that thereafter it sold to the plaintiff

all the realty mentioned, and that the latter has been ever since then and now is in possession of the same and the holder thereof.   The plaintiff here pleads full performance of the contract on the part of the Whitney Company, the tender of the balance of the purchase price which the defendant refuses to take, and the keeping good of the same by depositing it in court. The prayer is for an injunction against the continuance of the law action and for a decree for specific performance requiring both defendants to convey the property.   The defendants joined in a general demurrer to the cross-bill, and as grounds therefor "allege that said cross-bill does not set forth facts sufficient to constitute a cause for cross-bill, nor does the said cross-bill set forth facts sufficient to constitute a cause of suit."   The court overruled this objection to the complaint and the defendants having elected to stand upon the same, the court made findings of fact and conclusions of law according to the cross-bill, and entered a decree requiring the defendant John A. Smith to execute and deliver to the plaintiff a good and sufficient deed of conveyance conveying unto the plaintiff, its successors and assigns forever, the fee-simple title to the realty in question, and that in default of execution thereof the decree should stand for a deed as against John A. Smith; that Smith should not have the $200 deposited until he had made and delivered the deed, and that both defendants be perpetually enjoined from prosecuting the ejectment action.   From this decree they appeal.

MODIFIED.   REHEARING DENIED.

For appellants there was a brief over the name of *Messrs. Norblad & Hesse,* with an oral argument by *Mr. Frank C. Hesse.*

For respondent there was a brief over the names of *Messrs. Dolph, Mallory, Simon & Gearin* and *Mr. George C. Fulton,* with an oral argument by *Mr. John M. Gearin.*

MR. JUSTICE BURNETT delivered the opinion of the court.

It will be noted that there is no intimation in the cross-bill that the defendants are husband and wife until we come to the prayer where it asks "that a preliminary injunction issue herein, enjoining and restraining the said John Smith and Susanna Smith, his wife, from proceeding further in said action," and that the decree require "John Smith and Susanna Smith, his wife, to execute and deliver to this plaintiff a good and sufficient deed," etc. It is manifest from the complaint that the cross-bill relies upon a contract executed by John A. Smith only.

1. The principal contention is that the complaint does not state that the contracting defendant is the owner of the property, so that he could comply with the direction of the court to specifically perform the agreement to convey. The only averment on that subject is at the opening of the cross-bill where it says:

"The said defendant was in possession of and claiming to be the owner of a certain tract of land," etc.

In *Loar v. Wilfong,* 63 W. Va. 306 (61 S. E. 333), the court held that language substantially like this was a sufficient allegation of title in the defendant to support a bill for specific performance. Passing this precedent, however, the authorities are not uniform on the subject. Without giving any reason therefor many of them state that it is necessary to allege in the bill for specific performance that the defendant is the

owner of such an estate  the conveyance of which
would satisfy the contract sought to be enforced.    The
best reason for this doctrine is found in *Hollander* v.
*Lustik,* 79 Misc. Rep. 103, 108 (140 N. Y. Supp. 659,
662).    The court there reviews the authorities at some
length, approving some and distinguishing others, and
finally says:

"A complaint in equity should be sufficiently full
and certain to enable the court, upon proof or admis-
sion of all the facts contained in it, to grant the relief
sought, and, if not, it is objectionable.    Applying this
rule, how would it be possible for the court, upon ad-
mission of the facts set forth in this complaint, to
direct specific performance, without the additional
proof of the defendant's ability to obey the mandate?
Applying the above test of sufficiency, such an allega-
tion is the subject of an issue material to the desired
relief, and is not supplied by a presumption from the
making of the contract."

On the other hand there is a respectable line of au-
thorities holding that when a party makes a contract
upon a sufficient consideration to convey a tract of
land and he fails to do so, it is not required that the
plaintiff shall anticipate or negative the vendee's de-
fense by stating that he has the present ability to com-
ply with his contract.    Having covenanted, he must
perform, unless he can show a valid reason why he
should not do so.    Hence, if he would escape the con-
sequences of his own engagement he must make it a
matter of defense: *Greenfield* v. *Carlton,* 30 Ark. 547;
*Harrigan* v. *Dodge,* 200 Mass. 357 (86 N. E. 780); *Bor-
den* v. *Curtis,* 46 N. J. Eq. 468 (19 Atl. 127); *Tebeau* v.
*Ridge,* 261 Mo. 547 (170 S. W. 871, L. R. A. 1915C,
367).    Analogous cases are these: In *Dalrymple* v.
*Cole,* 156 N. C. 353 (72 S. E. 451), it was held that the
complaint in specific performance was not subject to

demurrer for failure to show the existence of a mortgage or a homestead right which would prevent the defendant from performing his contract; and that such a defense must be put in by answer. In *Gartrell* v. *Stafford,* 12 Neb. 545 (11 N. W. 732, 41 Am. Rep. 767), there was a distinction drawn between the vendor trying to compel the vendee to buy and the latter seeking to force the former to convey, so that a vendor cannot compel the vendee to take a less title than that for which he contracted, although at an abatement of the price, while on the other hand if the plaintiff vendee is willing to take what title he can get, although not as sound as that for which he covenanted, the vendor cannot complain. In *Applegate* v. *Wellsburg Banking & Trust Co.,* 68 W. Va. 477 (69 S. E. 901), in a suit to compel the issuance to the plaintiff of a certificate of stock correctly showing the number of shares held by her, the court declared that it was not necessary for her to allege that the defendant had stock not yet issued and available for the purpose as that would be matter of defense. The sounder reasoning is in favor of the latter theory. The plaintiff has a binding contract signed by the defendant upon which it is entitled to rely and to invoke the aid of the courts in its enforcement. Whether or not the defendant is capable of performing is a matter peculiarly within his own knowledge and his rights are conserved by the privilege of answering and making the defense of inability. The complaint does state a cause of suit against the defendant John A. Smith. It remains to consider what effect shall be given to the demurrer filed by the defendants.

2, 3. The authorities are practically unanimous that if the complaint is good against one defendant the joint demurrer of all the defendants must be over-

ruled: *Skeen* v. *Muir,* 34 Ind. 310; *Shore* v. *Taylor,* 46 Ind. 345; *Owen* v. *Cooper,* 46 Ind. 524; *Eichbredt* v. *Angerman,* 80 Ind. 208; *Axtel* v. *Chase,* 83 Ind. 546; *Ayers* v. *Slifer,* 89 Ind. 433; *Carver* v. *Carver,* 97 Ind. 497; *Moore* v. *Monell,* 27 Misc. Rep. 235 (58 N. Y. Supp. 430); *Mildenberg* v. *James,* 31 Misc. Rep. 607 (66 N. Y. Supp. 77); *Dalrymple* v. *Security L. & T. Co.,* 9 N. D. 306 (83 N. W. 245); *Stahn* v. *Catawba Mills,* 53 S. C. 519 (31 S. E. 498); *Rochford* v. *School Dist.,* 17 S. D. 542 (97 N. W. 747); *Mark Paine L. Co.* v. *Douglas County Imp. Co.,* 94 Wis. 322 (68 N. W. 1013); *Craig* v. *Donovan,* 63 Ind. 513; *Holzman* v. *Hibben,* 100 Ind. 338; *Clark* v. *Crawfordsville etc. Co.,* 125 Ind. 277 (25 N. E. 288); *Boyd* v. *Mutual Fire Assn.,* 116 Wis. 155 (90 N. W. 1087, 94 N. W. 171, 96 Am. St. Rep. 948, 61 L. R. A. 918); *Hirshfeld* v. *Weill,* 121 Cal. 13 (53 Pac. 402); *Asevado* v. *Orr,* 100 Cal. 293 (34 Pac. 777); *Belknap* v. *Whitmire,* 43 Or. 75 (72 Pac. 589); *Mawhinny* v. *Banker's Trust Co.,* 124 App. Div. 609 (109 N. Y. Supp. 332); *Holmes* v. *Seaboard Portland Cement Co.,* 63 Misc. Rep. 82 (116 N. Y. Supp. 524); *Howley* v. *Scott,* 123 Minn. 159 (143 N. W. 257, 51 L. R. A. (N. S.) 137); *State* v. *Brooks-Scanlon Lumb. Co.,* 128 Minn. 300 (150 N. W. 912); *Jones* v. *Moss,* 28 Idaho, 245 (153 Pac. 249); *Smith* v. *Clark,* 37 Utah, 116 (106 Pac. 653, Ann. Cas. 1912B, 1366, 26 L. R. A. (N. S.) 953); 6 Enc. Pl. & Pr., 321. The reason seems to be that, a demurrer not being a plea, but an excuse for not pleading, one who otherwise might have a good cause for not answering, in effect admits that he has no pretext, by availing himself of the void objection interposed by his co-defendant. The result is that as the demurrer is unavailing for either of the defendants and both of them having stood upon it, the cross-bill must be taken as confessed by both of them.

· 4. Turning to Section 390, L. O. L., we find that, upon filing such a bill, the proceedings at law are stayed, the issue tendered is determined as in equity, with the result that the prosecution of the law action may be perpetually enjoined or allowed to proceed as the case may be. Called upon to answer and show cause, if any she had, why her action of ejectment should not be stayed for all time, the defendant Susanna Smith refused to answer, but adopted her co-defendant's fruitless objection to pleading at all. If she had any right to the property superior to that of the plaintiff, she let pass the opportunity given her to plead it. The plain deduction is that as to both defendants the law action must be perpetually enjoined and as to Susanna that is all the decree of the Circuit Court attempted. Its requirement of John A. Smith that he execute a conveyance, as he expressly covenanted, is also well founded in law, for he has not shown that he cannot do as thus directed.

5. It is a statutory rule found in Section 414, L. O. L., that:

"A decree requiring a party to make a conveyance, transfer, release, acquittance, or other like act within a period therein specified shall, if such party do not comply therewith, be deemed and taken to be equivalent thereto."

In the instant case, therefore, the conveyance by John A. Smith is accomplished through the decree by operation of law notwithstanding his opposition. It is true that the promise to pay the purchase price on the one hand and the agreement to make a deed on the other originally were concurrent covenants and ought to have been performed by the parties simultaneously. But the effect of the decree is to satisfy Smith's covenant for him. Having fulfilled the contract as

against him  the court should also complete it in his favor by paying him the balance of the price in its custody for that purpose.   His contumacy cannot be punished by withholding it.   The only penalty to which he is amenable is costs and disbursements.

6. Findings of fact are not appropriate or requisite unless there are issues of fact to be determined: *Kime* v. *Thompson,* 60 Or. 183 (118 Pac. 174).   The order of the court overruling the demurrer to the complaint aptly disposes of the issue of law thus tendered. The findings of fact in the instant case were wholly superfluous, but do not constitute harmful error or vitiate the decree in any manner.

The decree of the Circuit Court will be modified by allowing John A. Smith to take the money brought into court for him, but will be otherwise affirmed with costs.                MODIFIED.   REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.

———

Denied February 27, 1917.

ON PETITION FOR REHEARING.

(163 Pac. 309.)

On petition for rehearing the former opinion rendered herein was adhered to.        REHEARING DENIED.

*Messrs. Norblad & Hesse,* for the petition.

*Messrs. Dolph, Mallory, Simon & Gearin* and *Mr. George C. Fulton, contra.*

83 Or.—10

Department 2.    Mr. Justice Burnett delivered the opinion of the court.

7. The petition for rehearing seems to be based on the contention urged from the beginning that it is necessary to allege in a bill for specific performance that the defendant was the owner at the time of the commencement of the suit. This was the theory advanced by the demurrer to the complaint and *Loar* v. *Wilfong,* 63 W. Va. 306 (61 S. E. 333), was cited arguendo in the former opinion in answer to this contention. The decision, however, was not made in consonance with that idea but went further to show that such an allegation was not necessary in a complaint for specific performance. This is the rule announced in 36 Cyc. 777, where it is said:

"The bill or complaint need not, according to the weight of authority, allege defendant's ability to perform, as his inability is a matter of defense; it is sufficient if it does not appear therefrom that performance is impossible. Some of the cases, however, are to the contrary."

The better reason is in favor of the text thus quoted. If it were necessary that the allegation of present ability to perform on the part of the defendant must appear in the bill, *Weiss* v. *Bethel,* 8 Or. 522, might be applicable in its teaching that an averment to the effect "that defendant is in possession of the whole of said property and claims some interest in the same as owner thereof" is not a sufficient statement of ownership.

8. In this case the cross-bill to which the demurrer was filed states that the defendants here commenced their action in ejectment and alleged in their complaint that they were the owners of said property referring to the realty in question. The demurrer to

the bill admits this averment to be true, and it is not perceived how in equity and good conscience the defendants can contend that the bill is defective even in that respect when they are confessedly maintaining on the law side of the court that they are the owners in fee simple. If the defendants are in the situation which the bill attributes to them in maintaining their ejectment action they are able to specifically perform an agreement to sell the land.

The ground, however, upon which the decision rests is that the valid contract of the defendant John A. Smith to convey the land and the performance by the plaintiff of its part thereof having been alleged, it is for him to show by affirmative defense why he may evade his covenant or refuse to perform it.

We adhere to the former opinion.

MODIFIED.   REHEARING DENIED.

MR. JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.