## Pourchot v. The Real Estate-Land Title and Trust Company

*Maurice A. Granatoor*, for plaintiff.
*Saul, Ewing, Remick & Saul*, for defendant.

LEWIS, J., October 25, 1932.—Plaintiff, by his rule for judgment for want of a sufficient affidavit of defense and by his "statutory demurrer," challenges the sufficiency of the defendant's plea of payment set up in its affidavit of defense under the heading of "new matter."

The defendant title insurance company in its pleadings averred that it drew its settlement check, dated June 18, 1932, in the sum of $831.37 (being the proceeds of a mortgage settlement which took place at the settlement rooms of the defendant company) to the order of plaintiff and delivered said check to Smith. A photostatic copy of the check was attached to the affidavit of defense. "Said check, bearing the endorsement of plaintiff, Ethel B. Smith, City and Suburban Realty Company, Tulpehocken National Bank and Trust Company and the guaranteeing endorsement of The Pennsylvania Company for Insurances on Lives and Granting Annuities, was presented to the defendant for payment through the clearing house and was paid on June 20, 1932."

These allegations as to payment constitute new matter. See Act of April 22, 1929, P. L. 627; Security T. & Tr. Co. v. Welsh et al., 104 Pa. Superior Ct. 502.

The vital and fundamental issue presented by these rules is whether or not the plea of payment by the defendant has been sufficiently and properly averred.

With but a few exceptions, the authorities are unanimous in support of the rule that the giving of a bank check by a debtor for the amount of his indebtedness to the payee is not, in the absence of any express or implied agreement to that effect, a payment or discharge of the debt, the presumption being that the check is accepted on condition that it shall be paid: 21 R. C. L. 60; 48 C. J. 703.

The fact that his name appears on the reverse side of the check, plaintiff contends, does not give color to the presumption that it was rightfully there and that it was the plaintiff's signature.

The defendant meets this criticism by asserting that the allegations under the heading of "new matter," above referred to, are sufficient without further averment that the plaintiff wrote his name thereon, and delivered the check to his alleged immediate endorsee.

The word "endorsement" comes from the Latin compound, meaning "on the back." It is a word with a known legal signification. In ordinary meaning, it is something written on the back of an instrument: 31 C. J. 886. In commercial law, an endorsement is the signature of the payee or holder of a note, bill or check, or that of a third person, written on the back of the note, or bill, in evidence of his transfer of it, or of his assuring its payment, or of both: 8 C. J. 348.

A note payable to order is negotiated by endorsement and delivery, and an allegation of endorsement is essential.

Are the allegations of plaintiff's endorsement as pleaded in this case sufficient?

A complaint setting forth a copy of the note in suit, with the words "endorsed, C. E. Monell," was held to sufficiently allege endorsement by Monell: Moore v. Charles E. Monell Co., 27 Misc. 235, 58 N. Y. Supp. 430.

An averment that the defendant endorsed a note was held sufficient without alleging that he wrote his name and delivered the note: Cady v. Bay City Land Co., 102 Ore. 5; Brannan's Negotiable Instruments Law Annotated, page 413.

An averment of endorsement imports delivery: 5 Uniform Laws Annotated, page 256.

If the genuineness of the plaintiff's alleged endorsement be challenged by denial thereof in form of a reply to new matter, a proper factual issue will then be raised for determination by the usual fact-finding tribunal: First National Bank of Cape Girardeau v. Johnson, 261 S. W. 705 (Mo. App.).

As the pleading now stands, the allegations are sufficient that the plaintiff payee, an alleged endorser, passed to Smith his right to the instrument. The debt was thereupon transferred, so that a payment to the ultimate endorsee, whose name appears on the instrument, was a discharge of the maker's obligation on the check. We conclude, therefore, that the new matter, both in form and

specification, is sufficient to entitle the defendant to call for a reply thereto: Jamestown Iron & M. Co. *v.* Knofsky, 291 Pa. 60.

Plaintiff's rule for judgment is discharged. The questions of law raised by plaintiff's "statutory demurrer" to new matter are determined against plaintiff, with leave to file a reply within fifteen days.